## Sam Ford v. The State.

### No. 2085. Decided November 29, 1899.

**1. Assault with Intent to Rape—Evidence.**

An assault with intent to commit rape can only be shown by evidence of force or attempted force; it can not be shown by evidence of fraud. It is not competent to indict for assault with intent to rape and convict upon evidence establishing an attempt to rape by fraud.

**2. Same.**

Where the indictment was for an assault to commit rape by force, threats, and fraud, and the evidence showed that defendant had used chloroform, which partially stupefied but did not entirely render his victim helpless, and that when she aroused from the stupor she screamed and seized the accused and a struggle ensued which resulted in his releasing himself by beating her and escaping through a window; Held, the facts show a case of attempt to commit rape by fraud, under article 636, Penal Code, and not an assault with intent to commit rape.

APPEAL from the Criminal District Court of Galveston. Tried below before Hon. E. D. CAVIN.

Appeal from a conviction of assault with intent to rape; penalty, twenty years imprisonment in the penitentiary.

Appellant was indicted for an assault with intent to commit rape upon Mamie Boyd, by force, threats, and fraud, on the 17th day of June, 1899.

The facts are sufficiently stated in the opinion.

*John Grothgar,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of assault with intent to commit rape upon Mamie Boyd without her consent, and by means of force, threats, and fraud, and his punishment assessed at twenty years confinement in the penitentiary.

The evidence discloses that the transaction occurred at night; that appellant secured entrance into the house through an open window, which was eight or ten feet above the ground, by placing a ladder against it. It appears he entered the adjoining room to that occupied by the prosecutrix, and finally found his way into her room. She testified that the window had been raised for the purpose of ventilation. She awoke with some difficulty, and discovered the odor of chloroform; the room being filled with it. When she was finally sufficiently aroused from her stupor to understand the situation, her nightdress had been pulled up about her chin, leaving her body bare. Appellant was kneeling by the side of the bed, with his hand upon her private parts. She immediately screamed and seized appellant. A struggle ensued. He finally, after beating her with his fists, secured release, and escaped through the window. The court instructed the jury that "if defendant, by placing his head upon the

person of prosecutrix, with intent to have carnal knowledge of her, and penetrate her female organ with his, without her consent, and that he intended to use such force to accomplish that purpose as might reasonably be supposed sufficient to overcome any such resistance upon her part as she might make, taking into consideration the relative strength of the parties, and other circumstances of the case, he would be guilty of an assault to rape, as charged in the indictment." This is the only issue upon which the case was submitted to the jury. Under the allegations in the indictment, the facts in the case did not justify the charge given. Appellant was not guilty of an assault with intent to rape. Milton v. State, 23 Texas Crim. App., 204. An assault with intent to commit rape can only be shown by evidence of force or attempted force, and not by fraud. It is not necessary here to discuss the question of threats. In Milton's case, as in this, the prosecutrix was touched by the accused, and chloroform used. It was there held that the facts did not show an assault with intent to commit rape, but only an attempt by means of fraud. "It is not competent," as was said in that case, "to indict for an assault with intent to rape, and convict upon evidence establishing an attempt to rape by fraud." That this is a case of attempt to rape by fraud is made certain by reference to the statute. Article 636, Penal Code, reads as follows: "The fraud must consist in the use of stratagem by which the woman is induced to believe the offender is her husband, or in administering, without her knowledge or consent, some substance producing unnatural sexual desire, or such stupor as prevents or weakens resistance, and committing the offense while she is under the influence of such substance. It is a presumption of law, which can not be rebutted by testimony, that no consent was given under the circumstances mentioned in this article." Penal Code, arts. 636, 640. Now, where the party attempting the rape uses some substance producing unnatural sexual desire, or such stupor as prevents or weakens resistance, he would be guilty of rape, provided he had sexual intercourse with the female while she was under the influence of such substance; and, using such means, but failing in the ultimate design, he would be guilty of an attempt to commit rape by fraud. The question of force did not enter into this case, although he did place his hands and lay his head on another portion of her body; for, if the touching of the prosecutrix by appellant with some portion of his body eliminated the question of fraud, and brought it within the rule of an assault by force, then it would be impossible to have a rape by fraud. We are not, of course, to be understood as saying that, although the party failed in his purpose to have intercourse by means of fraud, and, having abandoned that purpose, by force overcame all resistance, and thus perpetrated rape, he would not be guilty of a rape by force. But that question is not here involved. A party may fail in his stratagems or purposes to have the intercourse by means of fraud, and subsequently

undertake or even carry out his purpose by means of force and threats. But, as before stated, the evidence does not suggest any such question. If the testimony of the State is true, the indictment does not present a case that would justify a conviction by force. The judgment is reversed, and the cause remanded.

*Reversed and remanded.*