# NOVEMBER, 1909.

---

### GABE PHILLIPS v. THE STATE.

#### No. 47.  Decided June 9, 1909.

#### Rehearing denied November 3, 1909.

**Theft of Hog—Charge of Court—Alibi.**

Where, upon trial for the theft of a hog, the court charged on principals, circumstantial evidence, etc., and the defendant requested no special instructions on the question of alibi, there was no error. Following Jones v. State, 53 Texas Crim. Rep., 131.

Appeal from the District Court of Cherokee. Tried below before the Hon. James I. Perkins.

Appeal from a conviction of theft of a hog; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Norman & Shook,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of hog theft, his punishment being assessed at two years confinement in the penitentiary.

The alleged owner lost two hogs. They were white in color. Appellant and a number of other negroes were charged with the theft of a hog. The taking of the hogs occurred on Saturday evening. The search for the hogs was made on Monday and freshly killed hog meat found secreted at the residence of the different parties. Much of this meat was from a hog that had been skinned. The meat had all been secreted in different ways. At appellant's house the meat was found under the floor wrapped in a sack. The State's case was shown by circumstantial evidence. A negro girl testified she saw a white hog in the door of appellant's house on Sunday morning, at which time it was intact except the head was gone. There are other circumstances tending to connect appellant with the matter of more or less cogency, but we deem it unnecessary to go into a detailed statement of these matters. Appellant took the stand and denied having any connection with the theft of the hog as well as having received any of the stolen meat. He accounted for having hog meat by reason of a purchase of meat about two weeks prior to this transaction, and it may be fairly assumed that he had made the purchase of the meat about which he testified, and about the time he stated. The meat, however, that he purchased was not skinned nor did it have any shot in it, the seller testifying that the hog from which the meat came which he sold appellant was not shot but that he had knocked it in the head with an axe. The meat found under appellant's house had small sized shot in it about No. 4 or No. 6.

There are no bills of exception in the record. There were some exceptions noted in the statement of facts but in such a general confused way that they do not sufficiently present any matter for revision.

The charge of the court is criticised sharply, the principal contentions being, first, the failure of the court to charge alibi, and, second, that it did not sufficiently charge the jury that if appellant only received meat and was not connected with the original taking that he could not be convicted under this indictment, it being only for theft. The charge in this respect is as follows: "All persons are principals who are guilty of acting together in the commission of an offense. So, in this case, if the hog or hogs were fraudulently taken as alleged in the indictment, and the defendant was present with another or others at such taking, and they or either of them, acting with a common purpose and design into which defendant entered and which

Vol. LVII. Crim.—11.

he understood, to steal such hog or hogs, shot and took such hog or hogs, then in such case the defendant would be a principal in such theft, no matter what part he performed in such unlawful taking, or whether he in fact gave any physical aid or not in such act of taking..

"On the other hand, mere bodily presence of the defendant, without participation in the intent and purpose to commit the theft, would not make him guilty as such principal, nor would his subsequent receipt and concealment of some of the stolen meat knowing it to be stolen (if it was stolen and he did receive it) of itself, make him guilty of the theft; in order to convict the defendant the jury must find that he participated as a principal in the original taking. But if two hogs belonging to McGill were stolen at or about the same time, and the defendant participated as a principal in the theft of either, it would be sufficient for his conviction, and it would be immaterial whether he participated in the theft of both or as to which particular hog of the two, he helped to steal." The court also gave a charge on circumstantial evidence. Appellant did not request special instructions. His objections to the charge are urged in motion for a new trial. In the recent case of Jones v. State, 53 Texas Crim. Rep., 131, the rule was laid down, in regard to charges on alibi and the failure of the court to give same, that it would not be ground for reversal unless appellant requested special instruction covering that question and it was refused, and it was further held in that case that the charge given sufficiently covered that question. The charge in this case perhaps more strongly presents the question of alibi than was done in the Jones case, supra. Under that authority this contention of appellant is not well taken. While the charge in regard to concealing property is rather negatively given, yet the jury are instructed that he would not be guilty as a principal if he received and concealed the stolen meat, knowing it to be stolen, if it was stolen, and he received it; that this would not constitute him guilty of theft. The court further stated to the jury that in order to convict appellant they must find that he participated as a principal in the original taking, and this charge was given directly in connection with reference to the clause in regard to receiving and concealing stolen property. Under the provisions of article 723 of the Code of Criminal Procedure, as construed by this court, this charge seems to be sufficient; at least it is not sufficiently erroneous to require a reversal. We would suggest, however, that wherever issues are presented by the testimony that a pertinently affirmative charge be given presenting those matters. But as the record is before us, we are of opinion the errors are not of sufficient importance to require a reversal, therefore, the judgment is affirmed.

<em>Affirmed.</em>

[Rehearing denied November 3, A. D. 1909.—Reporter.]