### CHEATHAM PARKS v. THE STATE.

#### No. 255.   Decided December 8, 1909.

#### Rehearing denied January 12, 1910.

**Gaming—Former Conviction—Betting—Separate Offense.**

Upon trial for betting at a game played with dice called craps, where the evidence showed that defendant and others engaged in shooting craps for something like a couple of hours, during which time there were about twenty-five bets made by each of the players, including the defendant, each bet was a distinct and separate violation of the law, and the plea of former conviction upon one of the bets could not avail as a defense.

Appeal from the County Court of Bosque. Tried below before the Hon. P. S. Hale.

Appeal from a conviction of unlawfully shooting craps; penalty, a fine of $10.

The opinion states the case.

*J. P. Word,* for appellant.—Cited Miller v. State, 72 S. W. Rep., 856.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted for playing at a game of dice called craps. He interposed a plea of former conviction. The trial was had before the court, the jury having been waived by appellant. The court finds as a fact, and the testimony is without contradiction, that appellant and others engaged in shooting craps for something like a couple of hours, during which time there were about twenty-five bets made by each of the players, including appellant. Appellant had been previously convicted for betting during this identical game. These facts are unquestioned as shown by the testimony and the statements of the trial judge in the bill of exceptions. The court found against the plea of former conviction on the ground, and he so states, because each bet was a separate violation of the law under the facts stated. There was no intermission in the playing, the parties did not separate, but in a certain sense the game was a continuous one. The question is whether it was a continuous game in view of the statute which authorizes the interposition of the plea of former conviction. We are of opinion that the court was correct. The law makes each bet under such circumstances a distinct and separate violation of the law. Day v. State, 27 Texas Crim. App., 143. Under this decision as well as perhaps under Kain v. State, 16 Texas Crim. App., 282, the court was correct in disregarding the plea of former conviction. There was no error in the ruling of the court, therefore, the judgment is affirmed.

*Affirmed.*

[Rehearing denied January 12, 1910.—Reporter.]