### Harrison Jones et al. v. The State.

#### No. 1499.    Decided January 10, 1912.

#### Rehearing denied February 14, 1912.

**1.—Robbery—Allusion to Defendant's Failure to Testify.**

Where no testimony was offered in support of the allegation in the motion for new trial that the jury discussed the fact that one of the defendants did not testify, the same could not be considered on appeal.

**2.—Same—Argument of Counsel—Bills of Exception.**

Where no bill of exceptions appeared in the record on appeal that the district attorney used the language objected to, the same could not be considered; besides, there was no error in not submitting a requested charge.

**3.—Same—Evidence—Bill of Exceptions.**

Upon trial of burglary, there was no error in permitting the stenographer to testify to what one of the defendants had testified in a former trial; besides, there was no bill of exceptions, and the jury were instructed not to consider such testimony.

**4.—Same—Alibi—Charge of Court.**

Where the evidence did not call for a charge on alibi, there was no error; besides, no special instruction was requested. Following Jones v. State, 53 Texas Crim. Rep., 131, and other cases.

**5.—Same—Allegation and Proof.**

Where the indictment alleged that a certain sum of money was stolen, it was not necessary to prove that all of it was taken.

**6.—Same—Sufficiency of the Evidence.**

Where, upon trial of robbery, the evidence sustained a conviction, there was no error.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of robbery; penalty, five years imprisonment in the penitentiary.

Prosecuting witness testified that he had $80 in currency in his

pocket when he saw defendants in a certain saloon; that while he and they were there, witness took some money out of his pocket and had it changed when he bought some beer; that late that night he started home and saw the defendants in the yard, who followed him, and one of them struck him with a rock; that they knocked him unconscious, and when he came to they pulled off his coat and carried him about a block and then turned him loose; that witness felt for his money and it was gone; that he knew he had it in his pocket when he left the saloon.

The defense tried to show that the prosecuting witness only had about seventy-five cents of money with him that night, and attacked his credibility.

*C. C. Highsmith* and *C. E. & A. E. Heidingsfelder,* for appellant. —On the question of variance between proof and allegation: Coffelt v. State, 27 Texas Crim. App., 618; Robinson v. State, 60 Texas Crim. Rep., 592, 132 S. W. Rep., 944.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellants were jointly indicted by the grand jury of Harris County, charging them with the offense of robbery by assault. They were jointly tried and both convicted, and jointly present this appeal.

We can not consider that clause in the motion complaining of the improper conduct of the jury, in that defendants believe that the jury discussed and commented on the fact that defendant Roy Jones did not testify in the case. There was no evidence offered in support of such allegation, and a statement in a motion for a new trial that a defendant believes a state of facts to exist, does not present it in such way that we can review it, unless there is some evidence offered in support of such allegation.

There are no bills of exception in the record. Therefore, we have no evidence that the district attorney used the language in his argument stated in the motion for a new trial, or if he did use it, that there was any exception taken at the time. Consequently as the record is presented to us (no evidence that the language was used), there was no error in not giving the special charges requested in regard thereto.

Neither can we consider the ground in the motion complaining that the court permitted the stenographer to testify to what Roy Jones had testified in a former trial of this case. It is true that Roy Jones did not testify at this trial, but if he had testified in a former trial of this case, his testimony at the former trial was admissible in evidence on this trial under the decisions of this court. Smith v. State, 75 S. W. Rep., 298; Preston v. The State, 41 Texas Crim. Rep., 300; Collins v. The State, 39 Texas Crim. Rep., 441.

No exception being reserved to the admissibility of this testimony, it is not presented in a way that we could act thereon, but if it were so presented, under the above decisions, it was not error to admit it. And being thus admitted without objection, there was no error in the court instructing the jury: "I instruct you not to consider the testimony of Roy Jones given on a former trial of this case and read by the stenographer, from his notes taken on the former trial, for any purpose as to the defendant Harrison Jones."

The court did not err in not charging on alibi. The defendants denied committing the offense, but offered no proof that they were at another and different place; therefore, the evidence did not call for such charge. However, if it had, no special instruction having been requested in regard thereto, and the court charging on presumption of innocence and reasonable doubt, it would not be error. Jones v. The State, 53 Texas Crim. Rep., 131; Phillips v. The State, 57 Texas Crim. Rep., 160.

The complaint that the indictment, having alleged that seventy-four dollars was taken, in the form of ten dollar bills, five dollar bills and two dollar bills, that the proof must show that ten dollar bills were taken and five dollar bills were taken and two dollar bills were taken, is incorrect. It is not necessary to prove that all the property alleged was taken. Proof of any part is sufficient. Harris v. The State, 34 Texas Crim. Rep., 497; Maloney v. The State, 45 S. W. Rep., 718; White v. The State, 57 S. W. Rep., 100.

There are several other criticisms of the charge of the court, but we have read the same carefully, and do not think the criticisms authorized. It fairly and fully presents the issues in the case, and if the testimony of the prosecuting witness, Steve Hawkins, is to be given any credence it fully supports the verdict. The jury evidently believed him and we do not feel inclined to disturb the verdict.

Judgment affirmed.

*Affirmed.*

[Rehearing denied February 14, 1912.—Reporter.]