## WALTER WILLIAMS v. THE STATE.

### No. 1696.   Decided April 10, 1912.

**1.—Gaming—Craps—Evidence—Continuous Offense.**

Where defendant was tried for playing a game of craps, and offered evidence that he did not engage in any such game, by a witness whom the State claimed played another game with the State's witness, the same was reversible error, as craps is not a continuous game, and besides, the State did not show that defendant played such game with the witness he offered. Following Day v. State, 27 Texas Crim. Rep., 143, and other cases.

**2.—Same—Argument of Counsel—Allusion to Defendant's Failure to Testify.**

Where State's counsel in his argument stated that no living man had taken the stand to deny that defendant was guilty, and it appeared that the defendant was the only person who could have been permitted to testify, the same was an allusion to defendant's failure to testify and reversible error.

**3.—Same—Caution to Prosecuting Officers.**

See opinion for caution to prosecuting officers urging them not to inject into the argument matters not authorized by the evidence.

Appeal from the County Court of Shelby. Tried below before the Hon. J. B. Burns.

Appeal from a conviction of playing at a game of craps; penalty, a fine of $25.

The opinion states the case.

*Davis, Davis & Davis,* for appellant.—On question of excluding evidence: Cases cited in opinion.

On question of argument of counsel: Brown v. State, 57 Texas Crim. Rep., 269, 122 S. W. Rep., 565; Ex parte Wilson v. State, 56 Texas Crim. Rep., 1.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of argument of counsel: Bruce v. State, 53 S. W. Rep., 867; Green v. State, 31 S. W. Rep., 386; Jackson v. State, 31 Texas Crim. Rep., 342.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of playing craps. The State's evidence discloses, through the witness Lee Williams, that he and defendant, in a side room of Dr. Williams' store, played craps. While they were playing, or about the time they finished their game Jim Ballard came in the room and borrowed forty cents from appellant, and he and witness Lee Williams then engaged in a game of craps, but that defendant did not engage in that game.

1. Appellant offered Ballard as a witness in his behalf by whom he expected to prove, as set out in the bill of exceptions, that neither Ballard, the defendant, nor Lee Williams ever played a game of craps at the place designated by the witness Lee Williams at any time. He further proposed to prove by Ballard that he moved away from that neighborhood in February, 1911, and had never been back since his removal. This was important testimony to meet the evidence of the State witness Lee Williams who testified this playing occurred, Ballard thought, about the 15th of April, 1911. The evidence of this witness was not permitted to go before the jury because the court thought he was an accomplice and, therefore, could not testify for appellant. Craps is not a continuous game. Besides, appellant did not play in the game with Ballard and the witness Lee Williams, and Lee Williams so testified. Under the decisions of this court and under our statute the court committed error. Appellant was entitled to have the testimony of the witness Ballard. Day v. State, 27 Texas Crim. App., 143, 12 Cyc., 448; Parks v. State, 57 Texas Crim. Rep., 569.

2. Another bill of exceptions complains of the argument of the prosecuting attorney, in that it was an allusion to the failure of appellant to testify. It will be observed that under the State's evidence there could have been and were only three persons present at the transaction of which Lee Williams testified, to wit: Lee Williams, appellant and Jim Ballard. The court refused to let Ballard testify. Appellant did not testify. Therefore, the only witness to the transaction of which Lee Williams testified was Lee Williams himself. In this attitude of the testimony the argument is narrated as follows: "Gentlemen, this is a case in which the State has made out a clean, clear case, and has shown by positive evidence that the defendant is guilty as charged, but the defendant is going to ask you to acquit him because his neighbors and friends have come in and sworn to the bad reputation of Lee Williams, the State's witness. If this kind of thing is to influence jurors, we will never procure a conviction, for every man who testifies as a State witness will have his reputation blackened, and every man who violates the law will be turned loose, by a crowd of the defendant's prejudiced friends who offer themselves as

character witnesses. On this character of testimony, and in the face of the fact that no living man has taken the stand to deny that the defendant is guilty, they are going to ask you to acquit him." The objection urged to this was, that it was direct and positive reference to defendant's failure to testify in his own behalf. Several opinions have been written under similar conditions to those stated above holding that this was an allusion to defendant's failure to testify. As before stated, there were but three parties connected with the transaction. One of them did not testify for the State, defendant did not testify, and the court refused to let the third one testify. The prosecuting attorney objected to Ballard testifying in the case, and, of course, the prosecuting attorney could not take advantage of that as a basis of his argument. There was no other witness that the defendant or the State could have introduced if the State witness Williams was telling the truth. Upon another trial this character of argument should not be indulged. We want to caution the prosecuting officers again in regard to matters of this sort, and urge that they do not inject into the record such matters. They are useless and unnecessary. Such matters can only endanger the result of the case without corresponding benefit or hope of corresponding benefit to the State. We want to impress again this idea, that the statutes enacted by the Legislature, whatever the trial courts and prosecuting attorneys may think of them as to whether they are technicalities or not, are enacted by that body for the purpose of observance and not for the purpose of evasion. If these statutes are observed, bills of exception for their breach will not be found in the record. An evasion of them causes questions to be raised and often brings appeals here that would not otherwise be brought.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*