D. B. Williams v. The State.

No. 1752. Decided May 1, 1912.

Rehearing Denied May 29, 1912.

1.—Theft of Cattle—Evidence—Ownership—Description—Brand.

It has always been held in this State that where the brand is not relied on to prove ownership, proof of the brand that is on cattle may be admitted in evidence as any other flesh mark to identify the animal; and there was no error on trial of theft of cattle to admit testimony as to brands on the alleged cattle without introducing the record of the brands.

2.—Same—Evidence—Credibility of Witness—Felony.

Where neither the bill of exceptions nor the judgment showed of what offense under the Bankruptcy Act the witness was convicted, it must be presumed that the trial court had the information upon which his finding was based that the witness was not convicted of felony and, therefore, competent to testify.

3.—Same—Evidence—Bill of Exceptions.

Where the defendant excepted to the testimony of the State's witness, but his bill did not show enough of said testimony as to enable the Appellate Court to pass on the question sought to be raised, there was no error.

4.—Same—Evidence—Opinion of Witness.

Where the defendant had called for an opinion of a witness and elicited the same in evidence, there was no error in permitting the State to ask if such an opinion was correct.

5.—Same—Argument of Counsel.

Where the argument of State's counsel was in response to remarks by defendant's counsel and there were no requested instructions to withdraw same, there was no error.

6.—Same—Charge of Court—Alibi.

In the absence of exceptions to the failure of the court to charge on alibi, the court having charged on circumstantial evidence, etc., there was no error. Following Jones v. State, 53 Texas Crim. Rep., 131.

Appeal from the District Court of Parmer. Tried below before the Hon. D. B. Hill.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The State's testimony shows that the alleged cattle disappeared from their accustomed range, and that they were afterwards found in a pasture in New Mexico; that defendant and others acting with him were found with said cattle under circumstances showing their possession; that the owner of the cattle was informed of their whereabouts and recovered them; this with many other circumstances constituted the evidence upon which the defendant was convicted.

*Knight & Slaton,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was charged with theft of cattle, tried, convicted, and sentenced to two years confinement in the penitentiary.

1. William Raulie, after testifying that the cattle were taken without his consent, and that the cattle belonged to him, testified that one cow was a large, bald-faced Hereford cow, with broad horns, and was known as the "show cow," and she was branded on the horn; and one of the others was a white-faced cow, with drooped horn, branded with a small "J" on left jaw. Appellant objected to this testimony on the ground that the record of brands was the best evidence. When the court stated that the testimony was not admitted for the purpose of proving ownership and will not be considered for that purpose, but only for the purpose of identification. The court also instructed the jury in his charge, "You are further instructed not to consider any testimony relative to the brands on the cattle or any of them testified about in this case for any purpose whatever on the issue of ownership of the one cattle alleged to have been stolen or of any cattle bearing any of the brands testified about, as such testimony does not in law in any manner tend to prove ownership of the one cattle alleged to have been stolen." It has always been held in this State that where the brand is not relied on to prove ownership, proof of the brand that is on the cattle may be admitted in evidence as any other flesh mark to identify the animal. (Branch's Crim. Law, sec. 812 and cases there cited.

2. The State placed J. H. Gambrell on the stand as a witness. The defendant introduced in evidence a judgment of the United States District Court for the Northern District of Texas showing the conviction of the witness for the offense of "violating the bankruptcy Act of the United States," and sentence of eighteen months imprisonment in the United States penitentiary at Atlanta, Ga., and proved by the witness that he was the same person who was adjudged guilty

in that case of violating the bankruptcy law. The Penal Code of this State makes all persons adjudged guilty of offenses to which is affixed imprisonment in the penitentiary felonies, while crimes not punishable by imprisonment in the penitentiary are classed as misdemeanors. The Federal statutes do not make this same distinction but imprisonment in the Federal penitentiary is fixed as punishment in many misdemeanor cases as well as those of the grade of felony. The court, in approving the bill, states that the offense of which the witness was convicted was not a felony at the time of his conviction under the bankruptcy Act. Neither the bill nor the judgment show of what offense under the bankruptcy Act the witness was convicted (and there are a number of offenses under that Act) and we must presume that the trial court had the information upon which his finding was based, while it is not presented to us in the record. This question was decided adversely to appellant's contention in the case of Cabrera v. State, 56 Texas Crim. Rep., 141.

3. In bill No. 3 appellant excepts to certain portions of the testimony of the witness Gambrell, but not enough is stated to enable us to pass on the questions sought to be raised. As qualified by the court the bill presents no error, and if we go to the statement of facts the testimony was clearly admissible in rebuttal of testimony drawn out by appellant on cross-examination.

4. The appellant introduced the witness Beauchamp and proved by him that the witness Gambrell had said in his presence: "The only way to break up stealing is to break their damned necks," and other statements. On cross-examination the State asked the witness: "That statement how to get rid of them was pretty near true?" to which the witness answered: "A man could pretty near do that if he stayed in the clear." This was objected to, the only objection being that it was not for this witness to say whether it was true. The defendant had called for an opinion of the witness Gambrell and elicited in testimony, and it is not such error as he should be permitted to complain if then the witness was asked if the opinion so elicited was correct.

5. In bill No. 5 defendant complains of the remarks of the district attorney, which is qualified by the court thus: "The foregoing bill is approved with the following qualifications: The remarks of the district attorney were in substance as stated, and were provoked by criticism of the district attorney in counsel for defendant's closing speech immediately preceding the closing argument of the district attorney. When the first remark was made by the district attorney, defendant's counsel objected and stated that he would ask the court to instruct the jury to not consider same, and the court promptly instructed the jury as requested and admonished the district attorney to stay within the record. At the time of making the other remarks the counsel for the defendant merely said: 'We except to the remarks of the district attorney,' and did not ask the court to instruct the jury not to consider same. When the first remarks set out were made the

court, at defendant's counsels' request, told the jury not to consider any remarks of the district attorney out of the record, that the jury had heard the evidence and knew what the witnesses had testified to and to not consider any remarks not relating to the evidence. Defendant's counsel did not submit any written instructions or ask any instructions relative to district attorney's remarks except as above stated." Appellant filed, as bill of exceptions "A," a bystanders' bill showing that the district attorney made the remarks, in it stating that the court had refused the bill. But as seen above, the court did not refuse the bill, but merely states the remarks were in answer to remarks of counsel for appellant, which the bystanders' bill does not contradict, nor say is not true. The record discloses no special charges were presented, and the remarks, even if not made in response to remarks of counsel for the defendant, are not of that nature that would cause a reversal of the case where no special charges were presented to the court with the request that they be given. Pennington v. State, 48 S. W. Rep., 507; Spencer v. State, 34 Texas Crim. Rep., 65; Barber v. State, 35 Texas Crim. Rep., 70; Wright v. State, 36 Texas Crim. Rep., 427; Trotter v. State, 37 Texas Crim. Rep., 468; Giles v. State, 57 S. W. Rep., 99, and numerous cases cited in section 170 Buckler's Digest.

6. These are all the bills of exception to the evidence, and there are no special charges requested in the record. The court charged fully on circumstantial evidence, and on the law of principal, consequently these grounds in the motion for a new trial that the court failed to instruct the jury in those respects, are incorrect, and not supported by the record. The fact that the court failed to charge on alibi presents no error, where no exception to the failure of the court to so charge was not taken, and no charge requested in regard thereto. Jones v. State, 53 Texas Crim. Rep., 131, and cases cited in section 31 Branch's Crim. Law.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied May 29, 1912.—Reporter.]