## J. E. Bracher v. The State.

### No. 2767.   Decided November 19, 1913.

### Rehearing denied December 10, 1913.

**1.—Robbery—Statement of Facts—Transcript—Filing.**

The time for filing transcripts in the Appellate Court expires in ninety days from the adjournment of the term of court, or if the term extends more than eight weeks, within ninety days from the date of sentence, and where the statement of facts was not filed until some five months after the sentence was pronounced, the same could not be considered on appeal.

**2.—Same—Amended Motion for New Trial—Rule Stated.**

If, after the motion for new trial has been overruled by the trial court, and appellant desired to file an amended motion for new trial, he should file a motion asking the trial court to set aside the order overruling the motion for new trial and grant him a new trial, and the record should show this on appeal.

**3.—Same—Practice on Appeal.**

In the absence of a statement of facts, the matters presented for review can not be considered.

**4.—Same—Attorney and Client—Negligence.**

Where appellant employs his own attorney, negligence of his attorney in securing a statement of facts will be attributed to appellant; however, if the purported statement of facts were considered by this court, there was no error.

**5.—Same—Newly Discovered Evidence.**

Where the motion for new trial on account of newly discovered evidence is not supported by affidavit and no reason is shown why such affidavit was not attached, the same can not be considered on appeal. Following Love v. State, 3 Texas Crim. App., 501, and other cases.

**6.—Same—Variance.**

Upon trial of robbery, where the evidence showed that prosecutor was robbed of more than $10, as alleged in the indictment, this would not constitute a variance.

**7.—Same—Indictment—Description of Money.**

An indictment for robbery need not allege the denomination and kind of money of which prosecutor was robbed.

**8.—Same—Jury and Jury Law—Talesman—Bill of Exceptions.**

In the absence of bills of exception to the formation and organization of the jury on the ground that the jury was made up by talesmen, the matter can not be considered on appeal.

Appeal from the District Court of Wichita. Tried below before the Hon. P. A. Martin.

Appeal from a conviction of robbery; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*T. F. Hunter,* for appellant.—On question of filing statement of facts: Johnson v. State, 159 S. W. Rep., 848.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of robbery, and his punishment assessed at five years confinement in the State penitentiary.

There are no bills of exceptions contained in the record. There is a purported statement of facts, but the judge trying the cause certifies that same was not presented to him until August 30, 1913. This case was tried January 25, 1913, and sentence pronounced on February 24, 1913. The official stenographer's Act provides that time may be extended in which to file statements of facts and bills of exceptions, and, further, provides that a statement of facts in a felony case may be filed, whether time is granted by the trial judge or not, at any time *before the time of filing of the transcript in the appellate court expires.* We have frequently had occasion to call attention to the fact that the time for filing transcripts in the appellate court expires in ninety days from the adjournment of the term of court, or if the term extends more than eight weeks, within ninety days from date of sentence. Sec. 7 of chap. 119, Acts of Thirty-second Legislature; arts. 929, 930, 931, and 934

of Code of Criminal Procedure; Rule 2 of the Supreme Court, 142 S. W. Rep., and Rule 1, page xvii; Constitution, sec. 25 of art. 5.

· There is another matter disclosed by this record we would call attention to. The motion for a new trial was filed on January 27th and overruled on February 22, 1913. After said motion for new trial was overruled, appellant, without leave of the court, undertakes to file, two days after the motion for new trial had been overruled, an amended motion for a new trial, which the record does not disclose was ever called to the attention of this court. Under such circumstances this court would not be authorized to consider the amended motion for new trial. If, after the motion for new trial has been overruled by the trial court, an appellant desires to file an amended motion for new trial, he should file a motion asking the trial court to set aside the order overruling the motion for new trial and grant him a new trial, and the record should disclose by an order duly entered that such action was taken, and that the trial court then ruled on the amended motion.

There being no statement of facts we can consider, no matter is presented we can review.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

#### December 10, 1913.

HARPER, JUDGE.—The motion for rehearing in this case undertakes to lay the blame for failure to secure a statement of facts on appellant's counsel. Appellant employed his own attorney, and if this attorney was negligent this will be attributed to him. The term of court at which appellant was tried lasted more than eight weeks. The appellant was sentenced February 24, 1913. The statement of facts was not presented to the judge until August 30, 1913. It was through no fault of the prosecuting · officers, nor the district judge, that this delay occurred; consequently nothing stated in the affidavit of appellant filed would entitle him to have the statement of facts considered. · But if we did consider it, the witnesses for the State positively identify appellant as one of those who robbed A. B. Clayton. Mr. Clayton positively swears he is one of the two men. While appellant undertakes to prove an alibi by J. B. Ivie and his daughter, yet everything they say could be true and yet he be the person who robbed Clayton. She says that she left home about 7:15 to go to town, and as she looked back she saw appellant and Arisman (the man who is said to have aided in the robbery) coming along after her. Clayton says he is not positive about the time he met appellant but it was about 7:15 and that he was robbed at about 7:30. There is no such discrepancy in the time and place of the robbery fixed as to render the testimony irreconcilable, and the court submitted the issue of alibi in the language frequently approved by this court. Hines v. State, 40 Texas Crim. Rep., 23; Caldwell v. State,

28 Texas Crim. App., 566; Harris v. State, 31 Texas Crim. Rep., 411; Stevens v. State, 42 Texas Crim. Rep., 154.

The alleged newly discovered evidence is supported by the affidavit of no person and no reason stated why such affidavit is not attached, and this, under such circumstances, presents no error. Love v. State, 3 Texas Crim. App., 501; Cotton v. State, 4 Texas, 260; Evans v. State, 6 Texas Crim. App., 513.

If there was any variance in the "proof and the allegations contained in the indictment," no exception was reserved to the introduction of the testimony. But no such variance occurs. The indictment alleges that Mr. Clayton was robbed of ten dollars. Proof that he was robbed of more than ten dollars,—fourteen dollars,—would be no variance. Neither was it necessary for the indictment to allege denomination and kind of money.

If the jury was composed wholly of "talesmen" as alleged in the motion for a new trial, in the absence of any exception being reserved to the formation and organization of the jury, such fact would present no ground for reversal of the case. So, if we considered the statement of facts and every ground stated in appellant's amended motion for a new trial, no error would be presented.

Motion for rehearing overruled.                         *Overruled.*