MONROE LILLIE, ALIAS MONROE SHAVERS, v. THE STATE.

No. 4110. Decided June 7, 1916.

**Murder—Manslaughter—Intent—Former Jeopardy—Charge of Court.**

Where, upon trial of murder and a conviction of manslaughter, the defendant pleaded former conviction for assault to murder his wife, and the evidence showed that the first shot struck her and the second shot struck the deceased, for which latter offense defendant was being tried, and the court charged the jury that they could not convict the defendant unless they believed beyond a reasonable doubt that the shot which killed the deceased was separate and distinct from that which struck defendant's wife, the defendant's plea of former jeopardy was in effect submitted; although the fact that the defendant killed the deceased on the same occasion in which he shot at his wife but by a separate and distinct shot would not make it the same transaction. Following Augustine v. State, 41 Texas Crim. Rep., 68, and other cases.

Appeal from the District Court of Hill. Tried below before the Hon. Horton B. Porter.

Appeal before a conviction of manslaughter; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*C. D. Works*, for appellant.—On question of former jeopardy: Sadberry v. State, 46 S. W. Rep., 639; Wright v. State, 17 Texas Crim. App., 152; Paschal v. State, 90 S. W. Rep., 878.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of former jeopardy: Augustine v. State, 41 Texas Crim. Rep., 68, and cases cited in the opinion.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of manslaughter. He was indicted and tried for the murder of Jennie Allen, a negro girl about eight years old.

The court committed no error in overruling his motion for a continuance. His motion was so wholly insufficient that it is needless to state or discuss it.

The undisputed testimony shows that at a supper at a negro's house at night appellant shot at his wife three distinct times (though he said only twice). The first shot struck his wife in the leg above her knee. The second shot struck the little negro girl in the side of the head, the ball passing entirely through her head, from which she instantly fell and died. The third shot struck the child in the leg just above the ankle. The testimony clearly shows that the situation of his wife from the negro girl when he fired the first shot at his wife was such as that it was not the first shot that struck both his wife and killed the negro girl. The proof excludes the idea that it was the same shot.

Appellant was first indicted and convicted of an assault with intent to murder his wife. The jury fixed his penalty at two years in the penitentiary, evidently on the theory that if he had killed her he would have been guilty of manslaughter. He plead former conviction as his defense herein.

No complaint whatever was made of the court's charge or exception taken thereto. He requested two charges. In one he requested the court to charge the jury: "If you believe from the evidence that Jennie Allen was shot in the same transaction in which Rosa Shavers (his wife) was shot" to acquit him. The court correctly refused this and gave his only other special charge in the language he asked it, wherein he told the jury, that unless you believe beyond a reasonable doubt that the shot that killed Jennie Allen was a separate and distinct shot from that shot that struck Rosa Shavers, to acquit him; with a proviso to it just as he had asked it.

The fact that appellant killed the child on the same occasion in which he shot at his wife would not be the same transaction when as the proof shows the shot that killed the child was a separate and distinct shot from that which struck his wife. The special charge given by the court at his request was in effect submitting his plea of former conviction, and he got the benefit of his plea by this charge. Augustine v. State, 41 Texas Crim. Rep., 59; Taylor v. State, id., 564; Keaton v. State, id., 621; Ashton v. State, 31 Texas Crim. Rep., 482; Sanders v. State, 25 Texas Crim. App., 538; Ford v. State, 41 Texas Crim. Rep., 270, 56 S. W. Rep., 918; Harris v. State, 50 Texas Crim. Rep., 411; Parks v. State, 57 Texas Crim. Rep., 569; Miller v. State, 72 S. W. Rep., 856;

12 Cyc., 289; Bishop's New Crim. Law, 1061; Gunter v. State, 111 Ala., 23.

The judgment is affirmed.

*Affirmed.*