### RAYMOND JOHNSON v. THE STATE.

No. 15892. Delivered April 19, 1933.
Reported in 59 S. W. (2d) 388.

The opinion states the case.

*Shropshire & Sanders,* of Brady, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense, possession of intoxicating liquor for the purpose of sale; the punishment, one year in the penitentiary.

The state relied upon circumstantial evidence to convict the appellant. An instruction covering this subject was embodied in the charge.

The only witness who testified in the case was Love Kimbrough, sheriff of McCulloch county. He testified substantially as follows: He knew the appellant, Raymond Johnson, on or about June 6, 1932. He went out to a house about a mile south of the town of Brady on the east side of the highway. When he went to the house there was at the house, besides the appellant, G. L. Miers, a Mr. Sanders, and Dr. Powell. There were three or four rooms in the house and he saw the appellant in the kitchen and he found in the bathroom a five-gallon container with something like three pints of whisky, and there was a little less than a quart of alcohol there. There was also a few cases of near beer and some cases of "empties." There was also a case of empty quart bottles and some cases of pint bottles. On the table in the kitchen there were four or five serving glasses. There was also about a half gallon of corks with a bunch of caps. The whisky was in the bath tub. He further testified that he had occasion to pass that place several times before the raid, and he had seen automobiles going in and out of there, and he had seen the appellant there two or three times, and he had seen the appellant and one G. L. Miers and Eugene Whitehead in town together numerous times. He also testified that G. L. Miers and Eugene Whitehead had been convicted for this same identical offense for which the appellant was on trial. He testified further that he did not know whether or not the appellant lived there. He just saw him sitting there.

This was all the evidence offered to show appellant's connection with the liquor found in the house. No witness testified to seeing the appellant in possession of said liquor more than it was in possession of the other adults who were present at the time of the search. There was no testimony that appellant lived at said house or had any interest in the premises or anything found on the premises. There is no evidence that the appellant in any wise asserted any ownership of the liquor found in said house or in any way to individualize the possession of same. Mere presence, in the absence of proof of having agreed to commit the offense, will not constitute one a principal. Branch's Ann. P. C., sec. 681, p. 347; Jenkins v. State, 69 Texas Crim. Rep., 585, 155 S. W., 208; Johnson et al. v. State (Texas

Crim. App.), 70 S. W., 83; Golden v. State, 18 Texas App., 637.

With the case being tried on the theory that the appellant was a principal with other parties in committing the offense, the state failed to show more than the appellant was present at the house where the whisky was found therein.

Because of the insufficiency of the evidence to support the conviction, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.