### VEGIE GILLARD v. THE STATE.

No. 17569. Delivered May 8, 1935.

The opinion states the case.

*John Morison,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of robbery, and her punishment was assessed at confinement in the state penitentiary for a term of 5 years.

The record shows that on or about the 6th day of July, 1934, an automobile occupied by four men and a woman stopped on the highway within one hundred yards of where Jim Butler operated a tourist camp and restaurant in Palo Pinto County, Texas. Three of the men got out of the car, went to the restaurant, and asked for coffee. When told by Butler that he did not have any coffee, they called for Coca-Cola. After drinking some Coca-Cola they drew their pistols and commanded Butler to put up his hands, which he declined to do, and then they ordered him to come from behind the counter, which he also declined to do. One of the men opened the cash register and took therefrom all the currency, leaving the coins, while another man took a slot machine from the counter, carried it to the car, and then they all left. Butler secured a pistol, got into his car after notifying the officers, and pursued the robbers. They were arrested several miles from the scene of the robbery and in their car was found a pistol, the slot machine belonging to Butler, which had been broken, and in the pockets of each of said men was found approximately 30 nickels. None of the property taken in the robbery from Butler was found in appellant's possession. The appellant did not testify nor did she offer any defense.

The appellant's contention is that the evidence adduced by

516

the State is insufficient to warrant and sustain her conviction as a principal in the robbery, and we are inclined to agree with her for the following reasons, to-wit: The State's testimony fails to show beyond a reasonable doubt, first, that a conspiracy existed between her and the men to commit the offense of robbery; second, that she knew of the unlawful intent of the parties who committed the robbery when they went to the restaurant; third, that she aided by acts or encouraged by words or gestures those who committed the offense, or that she kept watch so as to prevent the interruption of those engaged in the commission of the alleged robbery; fourth, that she procured aid, arms, or means of any kind to assist in the commission of the offense, nor did she attempt, during the commission of the offense, to secure the safety or concealment of the persons committing it. All that the testimony shows is that she was sitting in the car when three of the men left the car and went to the restaurant; that she did not say or do anything from which an inference of guilt might be drawn. The mere presence of a party at the time and place of the commission of an offense, of itself is not sufficient to warrant a conviction of the person as a principal. While this court is reluctant to disturb the verdict of a jury, yet where the facts proven by the State fail to show the appellant's guilt beyond a reasonable doubt, we will not hesitate to do so.

For the reasons indicated, the judgment of the trial court is reversed and the cause is remanded.

*Reversed and remanded.*

MORROW, P. J., absent.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.