BERNICE NEAL V. THE STATE.

No. 18405.   Delivered June 3, 1936.

The opinion states the case.

*Guy P. Allison* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for misdemeanor theft, punishment assessed at a fine of five dollars and five days in jail.

The case is submitted on the sole proposition that the evidence does not support the conviction. Appellant's contention must be sustained.

A detective saw appellant and another negro woman enter Seman's store in San Antonio. The officer watched the two women through a show window. They went to the back of the store and looked at various articles of merchandise. The other woman was seen to take a pair of ladies pajamas off a rack and place them under her coat. The officer says while she was doing this appellant was close to her and "looking all around." When the two women left the store the officer arrested both of them and found the pajamas in the possession of the woman who had taken them. The two women were not

seen to speak to each other before they entered the store, nor while in there, nor after they left. They were not shown to be associates nor even that they knew each other, until appellant testified that she knew the woman who stole the pajamas, but said they were neither associates nor friends. She further testified that on the day of the theft she went into the store to buy a coat for her two year old child, but they were too light; that she was not in company with the other woman, and did not know she was in the store; that the store was crowded, and that the first time she saw the woman was about the time they were leaving the store; that the woman spoke to her, and as appellant turned to answer her the officer arrested them. We do not discuss the legal principles involved, but as demonstrating the insufficiency of the evidence cite Branch's Ann. Texas P. C., Sec. 681, and cases there annotated; also the later cases of Gilliard v. State, 82 S. W. (2d) 678; Johnson v. State, 123 Texas Crim. Rep., 435, 59 S. W. (2d) 388; Texas Jur., Vol. 12, page 353.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*