VARNELL WHITE, *alias* PARNELL WHITE V. THE STATE.

No. 23421. Delivered June 19, 1946.

The opinion states the case.

*Clem Calhoun,* of Amarillo, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confinement in the state penitentiary for a term of 20 years.

At the threshold of this case, we are confronted with a serious question relating to a matter of procedure during the trial of the case. The bill of exception relating to the matter discloses the following occurrence: After the jury had retired and were deliberating on their verdict, they decided to propound to the trial judge the following interrogatories, to-wit:

"What portion of a sentence must be served before a prisoner is allowed, by law, to apply for parole?"

"What portion of a sentence, by law, if there be a stipulated portion, might good behavior allow a prisoner?"

The interrogatories were reduced to writing, handed to the bailiff, and by him delivered to the judge, who at the time was in conference with the attorney for the State and the attorney for the defendant in the office of the court reporter. This office adjoins the court room. A discussion then arose between the court and the attorneys as to what should be done relative to the matter. Someone suggested that the court could not answer the questions; that the only thing he could do was to merely

write at the foot of the page to "Look to the charge for the law." However, the court made the following reply:

"Gentlemen of the Jury: Your questions are concerning a matter over which neither this court nor the jury has jurisdiction, and therefore I cannot answer them. Please return this to me."

This was delivered to the jury by the bailiff. The bill further recites that this proceeding all occurred in the defendant's absence and without his knowledge. The court qualified the bill with the statement that during the discussion of the matter between himself and the attorneys, he twice inquired of the attorney for the defendant if it was all right with him to make the reply to the interrogatories, to which counsel replied that it was; that he then inquired of counsel if he did not think that the proceeding should be had in open court, to which he replied that he did not know; that the point would not be raised in the event of a conviction. However, the question was raised, and it is now before this court for review. While we do not endorse or subscribe to the manner in which the trial court was led into the belief that no question would be raised relative to the manner of the proceeding, yet, we are constrained to apply the law as it is written:

Article 676, C. C. P., provides as follows:

"When the jury wish to communicate with the court, they shall so notify the sheriff, who shall inform the court thereof; and they may be brought before the court, and through their foreman shall state to the court verbally or in writing, what they desire to communicate."

Article 677, C. C. P., provides as follows:

"The jury, after having retired, may ask further instruction of the judge as to any matter of law. For this purpose the jury shall appear before the judge in open court in a body, and through their foreman shall state to the court, verbally or in writing, the particular point of law upon which they desire further instruction; and the court shall give such instruction in writing, but no instruction shall be given except upon the particular point on which it is asked."

Article 679, C. C. P., provides as follows:

"In felony, but not in misdemeanor cases, the defendant shall be present in the court when any such proceeding is had as mentioned in the three preceding articles, and his counsel shall also be called."

These are mandatory provisions and should be strictly adhered to in the trial of cases. This court has held in many cases that the presence of the accused, which is specifically required by the article above quoted, cannot be waived by the attorney for the accused. See Shipp v. State, 11 Tex. Cr. App. 46; Mapes v. State, 13 Tex. Cr. App. 85; Crow v. State, 89 Tex. Cr. R. 149, 230 S. W. 148; Sullivan v. State, 90 Tex. Cr. R. 170, 233 S. W. 896; Schafer v. State, 40 S. W. (2d) 147.

In the case of Crow v. State, supra, this court, speaking through Judge Hawkins, among other things, said:

"It was the duty of the court and the prosecuting attorney to see to it that the rights guaranteed to him by law when his liberty is involved were guaranteed to him on the trial, and that he is present in court when by law he is entitled to be present. The defendant's counsel could not waive for him the right to be present in court when a charge was being given to the jury; and hence the presence and silence of his counsel cannot be construed into a waiver by the defendant of his legal right to be personally present in court on so an important occasion. If it had been sought to bind the defendant by a waiver, the record should have shown in plain and unmistakable language that the defendant, in person and in open court, his attention being specifically directed thereto by the court or under its direction, formally waived his right to be present in court. His counsel could not in his absence make such waiver as would be binding on the defendant."

In the case of Hill v. State, 54 Tex. Cr. R. 646, we find that this court, in passing upon a question analogous to the one before us, used the following language:

"Upon trial for murder it was reversible error to permit the reproduction of certain testimony on request of the jury, in the absence of the defendant who was on bail; and this, although his counsel waived defendant's presence and said that they would not take any advantage of defendant's absence, and although defendant was voluntarily absent; the first section of the Act of the Thirtieth Legislature requiring his personal presence at the trial."

In reviewing the articles of the statute hereinabove quoted, it is obvious that the court cannot take any action relating to the trial of one accused of a felony, unless it be in the court room, and in the presence of the accused. In the instant case, the trial judge realized that the proper procedure required that

the jury be brought into the court room in the presence and hearing of the accused, when a reply to the interrogatories might be made. Although the court had the assurance of counsel for appellant that the question would never be raised, nevertheless, it was raised, and we see no escape from holding that the bill reflects reversible error.

Having reached the conclusion that the trial court was led into error relative to the matter complained of, it thus becomes our duty to reverse and remand this cause, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.