**BARBER v. STATE.**

No. 26260.

Court of Criminal Appeals of Texas.
March 11, 1953.

Rehearing Denied April 29, 1953.

Second Motion for Rehearing Denied
June 3, 1953.

Calloway Huffaker and Harold Green,
Tahoka, for appellant.

George P. Blackburn, State's Atty., of
Austin, for the State.

WOODLEY, Judge.

The conviction is for robbery; the pun-
ishment five years in the penitentiary.

John Mager (or Major) was the victim
of the alleged robbery. He testified that
he left his work at the Air Base near Big
Spring on a trip to his former home at
San Angelo; that while he was waiting
for a boy with whom he usually rode, ap-
pellant and three others asked him if he
wanted a ride, and told him that if he had
a dollar and would buy gas they would
take him to San Angelo.

Mager, who was a Negro truck driver,
got into the back seat, with the four who
were white boys and strangers to him.
The car was then driven to a service sta-
tion where Mager produced a $20 bill and

paid some $1.53 for gasoline, placing the change in his shirt pocket.

There was some beer and whisky in the car and the boys were drinking. It was suggested that the sheriff was out that way and the car was driven into a pasture, out of sight of the road. Three of the young men got out at this point and, following a conversation behind the car, one of them got in the front seat on his knees and with a knife in his hand demanded that Mager give him $10. Mager testified that this boy asked him "Have you got $10.00 to let me have?" and he replied "No, I don't have $10.00 to let you have." The boy then said "Yeah, you have got it and I will prove it." Mager opened his shirt pocket and gave him the $10 when the boy made some kind of demonstration.

This boy then returned to the others at the rear of the car. Appellant then came around and, as the boy with the knife stood at the back window, asked Mager for $5 which Mager gave him. The third boy then asked for money and Mager gave him what he had left.

The parties then returned in the car to the highway, where Mager got out. He walked to the cemetery nearby and reported to an ambulance driver that he had been robbed.

Mager testified: "When this defendant came around wanting the $5.00 I gave it over to him because I felt like if I didn't give it to him it would have still been that they would have bunched up on me or hurt me about it. So I figured in my own mind the best way and easiest way to do it was give it to him, because he asked for it. The way I was caught in that car, sitting in the back and with that guy with the knife and I couldn't get out, why I was afraid of them."

We find the evidence sufficient to sustain the conviction.

Appellant complains that the trial court refused to permit him to call two of his companions as witnesses, both of whom were under separate indictments for robbery of Mager. One of these witnesses had pleaded guilty to the charge against him and the indictment against the other was pending.

Appellant recognizes that under the provisions of Art. 711, C.C.P., defendants charged as principals, accomplices or accessories are incompetent as witnesses for each other, but relies upon those decisions holding that the pending charge must be for the same offense and not merely one growing out of the same transaction. He cites Cotton v. State, 92 Tex.Cr.R. 594, 244 S.W. 1027, Williams v. State, 66 Tex.Cr.R. 348, 146 S.W. 168, and Thomas v. State, 66 Tex.Cr.R. 326, 146 S.W. 878.

This rule is stated in 18 Tex.Jur. 229, Par. 134, as follows:

"The disqualifying fact under the statutes is that the witness and the defendant are charged with the same offense. The witness is not rendered incompetent if he is charged with an offense other than that for which the defendant stands indicted although the acts which the parties are alleged to have done were committed at the same time and constituted parts of a transaction in which they acted in concert.

"It is the charge lodged against them by the state, and not the acting together which works the disqualification."

The basis for appellant's contention appears to be that one of the witnesses was charged with having taken $3 from Mager while appellant was convicted for having taken $5.

In one count of the indictment against appellant he was charged with having obtained from Mager "corporeal personal property in the form of lawful money of the United States of America" by robbery. The indictment against each of the witnesses contained an identical allegation. The witnesses were therefore charged with the same offense as that charged in one of the counts of the indictment against appellant and were disqualified.

It is unnecessary that we pass upon the question as to whether the proffered wit-

nesses would have been disqualified in the absence of such identical charges. It has been held, however, that the state is not required to prove the exact amount of money alleged to have been taken by robbery. See Bracher v. State, 72 Tex.Cr.R. 198, 161 S.W. 124 (alleged $10—proved $14); Jones v. State, 64 Tex.Cr.R. 510, 143 S.W. 621 (proof as to any part of amount alleged held sufficient).

The submission to the jury was upon the theory of Mager having been put in fear of life or bodily injury and not upon an actual assault, but the jury's verdict found appellant guilty of "robbery by assault." Appellant contends that the court erred in rendering judgment upon this verdict because it was not responsive to the court's charge.

We observe that the charge set out the provisions of Art. 1408, P.C., defining the offense of robbery which, the jury was told, may be committed by assault, or violence, or by putting in fear of life or bodily injury. Each of said means was properly charged in the indictment.

Art. 1408, P.C., defines but one offense, and the authorities cited by appellant are therefore inapplicable.

The remaining contention presented by appellant's brief and argument relates to the following. After the jury had retired to consider their verdict, they sent a note to the judge by the bailiff wherein they asked if the jury could recommend a suspended sentence in the case. The judge replied to this communication in writing, saying "A suspended sentence is not applicable in a robbery case."

Later the jury sent another note asking that certain testimony be read, and the judge again in writing replied "that under the law the request to have such testimony read cannot be granted."

It is shown that appellant's counsel was present and suggested the form of the answer to the first note, the answer being written in the Judge's chambers, "just off from the courtroom." It is also shown that counsel for appellant and for the state were present with the judge at the counsel table in the courtroom when the second note was answered and no objection was made to the answer or the form thereof.

The procedure governing communications between the court and jury is found in Arts. 676, 677 and 679, C.C.P., which read as follows:

Art. 676 Vernon's Ann.C.C.P.: "When the jury wish to communicate with the court, they shall so notify the sheriff, who shall inform the court thereof; and they may be brought before the court, and through their foreman shall state to the court verbally or in writing, what they desire to communicate."

Art. 677: "The jury, after having retired, may ask further instruction of the judge as to any matter of law. For this purpose the jury shall appear before the judge in open court in a body, and through their foreman shall state to the court, verbally or in writing, the particular point of law upon which they desire further instruction; and the court shall give such instruction in writing, but no instruction shall be given except upon the particular point on which it is asked."

Art. 679: "In felony but not in misdemeanor cases, the defendant shall be present in the court when any such proceeding is had as mentioned in the three preceding articles, and his counsel shall also be called."

Appellant relies on White v. State, 149 Tex.Cr.App. 419, 195 S.W.2d 141, and insists that here as in the White case appellant was not present. White v. State is not deemed applicable here because it is shown that appellant, though not at the counsel table nor in the judge's chambers, was at all times sitting in the courtroom and was therefore "present in the court" as required by Art. 679, C.C.P.

Though not in strict compliance with the statutes mentioned, what occurred was with the knowledge and acquiescence of appellant's counsel. We observe that no defense to the robbery charge was offered and the minimum punishment was assessed.

The judgment is affirmed.

### On Motion for Rehearing

MORRISON, Judge.

Appellant's able attorney has urged that we differentiate the case at bar from the holding in several prior cases of robbery wherein we held the facts to be insufficient to support a conviction. In view of the forceful manner in which he urges his motion for rehearing, we shall attempt to do so.

In Peebles v. State, 138 Tex.Cr.R. 55, 134 S.W.2d 298, the alleged robbery occurred on a crowded street corner in broad daylight, where the slightest outcry would, in all probability, have brought assistance. In that case, there was no weapon exhibited; in fact, the record did not show that either party was armed.

In the case at bar, the parties were on an isolated country road, where an outcry would have been futile. In this case, a knife was actually exhibited. The injured party testified that one of appellant's coindictees held a knife between the front seat and the back seat of the automobile in which the witness was seated and that, when the witness stated that he had no money for the robber, the robber "started up like that (indicating)." This robber was still in the immediate vicinity in company with his associates when the appellant secured $5 from the prosecuting witness. The witness had every reason to assume that appellant could secure the assistance of his companions had the witness resisted and that they were acting in unison in the matter.

In Easley v. State, 82 Tex.Cr.R. 238, 199 S.W. 476, there were only two persons present; the stick in the hand of the accused was never brandished, and the prosecuting witness did not report the incident until after another case had been filed against the accused.

In the case at bar, the prosecuting witness reported immediately that he had been robbed and the knife was "brandished."

In Gillard v. State, 128 Tex.Cr.R. 514, 82 S.W.2d 678, the accused was not present when the robbery occurred and was not shown to have received any of the fruits thereof.

In the case at bar, the appellant personally took $5 from the injured party.

In James v. State, 144 Tex.Cr.R. 126, 161 S.W.2d 285, the prosecuting witness was not able to identify the accused. The participants in the robbery met seemingly by accident, which we considered was evidence that there was no preconceived plan to commit the offense. In the James case, there was a strong dissent by a present member of this Court, and this is not to be considered as a reaffirmance thereof.

In the case at bar, there was positive identification of the appellant and the other parties involved; the four men were all together in the automobile when they picked up the injured party, and the evidence does not exclude a mutual agreement to commit the offense.

So much for the sufficiency of the evidence.

Appellant again insists that he and his coindictees were not charged with the same offense and that, therefore, they were competent witnesses in his behalf. Each was charged with the robbery of John Mager; what they secured from him is not controlling. If one was charged with robbing Mager of a watch and the other charged with robbing him of the money in his pocket at the same time, it would still be the same offense.

Appellant again urges that the rule in White v. State, 149 Tex.Cr.App. 419, 195 S.W.2d 141, calls for a reversal of this conviction. We are not inclined to extend the rule in the White case, and if we reversed this conviction, we would be doing so. In that case, it is clear that the defendant was absent from the courtroom. In the case at bar, the defendant was seated with his family three or four rows back in the spectators' section of the courtroom.

Remaining convinced that we properly disposed of this case originally, the appellant's motion for rehearing is overruled.

### On Second Motion for Rehearing

MORRISON, Judge.

Appellant contends that by our original opinion we permitted the jury to wholly disregard the court's charge and return a

verdict for an offense as different from the one submitted in the court's charge as night is from day. We disposed of appellant's contention by stating that Article 1408, P. C., defined but one offense.

In view of appellant's insistence, we observe the following:

 The evidence supports a finding that appellant robbed the injured party by putting him in fear of life or bodily injury.

We therefore construe the jury's verdict to conform to the evidence and the manner of submission.

Since Article 1408, P.C., denounces only one offense, a recitation in the judgment of the manner in which the offense was committed may be rejected as surplusage.

Appellant's second motion for rehearing is overruled.