No. 2548.

## GABE DAY *v.* THE STATE.

1. GAMING—INDICTMENT.—It is not essential to the sufficiency of an indictment to charge the offense of betting at a game played with dice, that it shall allege that the accused played the game with another or bet with another person.

2. SAME—BETTING AT A GAME PLAYED WITH DICE—DISTINCT AND CONTINUOUS OFFENSES.—To bet at any game played with dice, by whatever name the game be known, is an offense under the law of this State. And each separate act of betting at such a game constitutes a distinct offense. The consecutive throwing of dice from nightfall until day break does not constitute a continuous game, and the consecutive betting on the different throws does not constitute a continuous offense.

3. SAME—EVIDENCE—ACCOMPLICE—WITNESS.—A witness, to be incompetent to testify in behalf of a defendant upon the ground that he was

under indictment for the same offense, must appear to have been indicted for participation in the very same criminal act for which the defendant is being tried. It will not suffice to disqualify him that he is indicted for a similar offense. The defense in this case offered a witness by whom to prove an alibi. The witness was rejected, upon the State's motion, upon the ground that he was charged by a separate indictment with the same offense. The onus of establishing incompetency by showing that the indictment against the witness covered the same criminal act for which the defendant was on trial rested on the State; and, the State failing to establish that fact in this case, the presumption obtained in favor of the competency of the witness, and the ruling of the court was error.

APPEAL from the County Court of Freestone. Tried below before the Hon. T. W. Sims, County Judge.

The opinion discloses the nature of the case, and the record brings up no statement of facts.

The penalty assessed was a fine of ten dollars.

No brief for appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

HURT, JUDGE. This conviction is for betting at a game played with dice, called "craps." The indictment fails to allege that appellant played the game with another or bet with another person. This is not necessary to its sufficiency, but is material with respect to another question.

Upon the trial defendant offered to prove an alibi by Robert Cooper and others. The State objected because they were in a separate bill or bills indicted for betting at craps. The evidence upon this matter was that the game on the night of August 24, 1888, began about dark and continued until daylight the next morning, and that Cooper and the others during the night participated in the betting at the game called craps. Now, it will be observed that it is not shown that the proposed witness bet with defendant or at the game at the same time that defendant bet or played.

Looking to the definition of the offense, we will find that to bet at any game that can be played with dice is an offense. Let the game be called by whatever name it may be, or without a name, if played with dice, and a person bets at it—that is, on

the result, he would be guilty of an offense. It is seen that this is not a continuous offense, but one bet at this game and the offense is complete.

Article 731, Code Criminal Procedure, provides that persons charged as principals, accomplices or accessories, whether in the same indictment or different indictments, can not be introduced as witnesses for one another. The proper rendering of the article is that persons charged as principals to the same offense, or accomplices or accessories to the same offense, either in the same indictment or in different indictments, can not be witnesses for one another. An offense is an act or omission forbidden by positive law, to which is annexed, on conviction, any punishment prescribed in this code. (Art. 52, Penal Code.) In this case the prohibited act is betting at a game played with dice. Now, to render incompetent, the witness must be indicted as principal, accomplice or accessory to the same act for which defendant is indicted. The transaction must be the same; a similar act will not suffice.

To illustrate: A game of poker begins at dark and the playing is continued all night. During the night a number of persons participate in the game, but not with each other or at the same time. Now, if one should be indicted, those who did not play with him, or play at the game at the same time at which defendant played or bet, would not be incompetent.

Appellant proposed to prove a material fact by several witnesses; the State objected upon the ground that the proposed witnesses were incompetent. The presumption being in favor of competency, the State must show incompetency. This was not done in this case.

But it is urged that these witnesses could not be compelled to criminate themselves. That was a matter with them, and not the State. Nor was this a necessary or probable result; for they could have sworn to the facts sought to be elicited without self crimination, though they may have been guilty themselves of the same offense as that charged against appellant.

Under the facts as presented in the record, we are of opinion that the court erred in holding these witnesses incompetent.

The judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*