### JIM NEELY v. THE STATE.

#### No. 616.   Decided October 25.

**1. Slander — Information, Sufficiency of — Motion in Arrest.**—An. information for slander, based upon article 645, Penal Code, is insufficient and bad, on a motion in arrest of judgment, which fails to state, except inferentially, what was in fact imputed to the female, or who the female was.

**2. Same—Innuendo.**—Where the allegtion in an information for slander was, that defendant " did falsely, maliciously, and wantonly say of and concerning Rosetta Thomas, that Tom Cleveland was keeping her, the said Rosetta Thomas, and that Tom Cleveland was caught on Rosetta Thomas:" *Held*, insufficient to sustain the prosecution, even though it be conceded that the slanderous words need no innuendo or explanatory averment, which is doubtful.

**3. Same — Allegation and Proof — Charge.** — In an information for slander, if the pleader names two or more persons as present and hearing the slander, the names must be proved as alleged, because descriptive of the offense; and where it is alleged that the slanderous words were uttered in the presence of W. and M., and divers other persons, and the court instructed the jury, to convict if they believed the slander was spoken in the hearing of said W. and M., and divers other persons, or *either of them:* *Held*, error.

APPEAL from the County Court of Henderson.   Tried below before Hon. W. R. DICKERSON, County Judge.

Appellant was prosecuted by information for slander, and at his trial was convicted, his punishment being assessed at a fine of $150.

The charging part of the information is set out in the opinion below.

A motion in arrest of judgment was made by defendant, for insufficiency of the information, which was overruled.

No statement necessary.

*Richardson & Watkins*, for appellant.—1. The court erred in overruling the defendant's motion in arrest of judgment, in this, that the information nowhere alleges that defendant maliciously or wantonly imputed to Rosetta Thomas a want of chastity, and fails to allege that Rosetta Thomas is a female in the State of Texas.   That there was an imputation of want of chastity to a certain female therein named is the gravamen of the information; the other words used are merely descriptive of the main charge, and the charge must not be left to argument or inference.   Code Crim. Proc., art. 420, sec. 7; Bush v. The Republic, 1 Texas, 455; Parker v. The State, 9 Texas Cr. App., 351, and cases cited; Moore v. The State, 7 Texas Cr. App., 608; The State v. Daugherty, 30 Texas, 360.

2. The court erred in overruling the defendant's motion in arrest of judgment, in this, that the information fails to explain or allege the meaning of the words." keeping her, the said Rosetta Thomas," and fails to explain or allege the meaning of the words " and that Tom Cleveland was caught on Rosetta Thomas;" both of said terms being ambiguous

and not clearly showing of themselves that they are slanderous; and said information fails to charge defendant with slander. If the meaning of the language as charged be obscure or ambiguous, the information should allege its meaning. Rogers v. The State, 30 Texas Cr. App., 462; Berry v. The State, 27 Texas Cr. App., 483.

3. The court erred in overruling said motion in arrest of judgment, because said information nowhere charges or alleges that Tom Cleveland was a man or a male person.

4. The court erred in permitting the State, over the exception of defendant, to prove slanderous words, not spoken in the presence and hearing of Zack Worf and Hence Manning together, as charged in the bill of information, and in refusing to exclude all evidence of any statement not made in their presence; and because the court erred in charging the jury, that they might consider the language used, whether in the presof said Worf and Manning, or either of them, or neither of them. Where an offense has been described as committed in the presence and hearing of two certain parties, naming them, it is improper to admit proof of time or place when each of them were not present. Hampton v. The State, 5 Texas Cr. App., 463; Soria v. The State, 2 Texas Cr. App., 297; Rose v. The State, 1 Texas Cr. App., 401; Ranjel v. The State, 1 Texas. Cr. App., 461.

*R. L. Henry*, Assistant Attorney-General, for the State.

SIMKINS, JUDGE. — Appellant was. convicted of slandering Rosetta Thomas, and his fine assessed at $150, from which he appeals. Both parties are colored.

1. The information charges, that Jim Neeley, in the county of Henderson, Texas, did orally, falsely, maliciously, and wantonly impute to a female in this State, to-wit, the said Jim Neeley did then and there, in the presence and hearing of Zack Worf and Hence Manning, and divers other persons, falsely, maliciously, and wantonly say of and concerning the said Rosetta Thomas, that Tom Cleveland was keeping her, the said Rosetta Thomas, and that Tom Cleveland was caught on Rosetta Thomas, against, etc.

We believe that the motion in arrest of judgment should have been sustained. The offense which the law punishes is falsely imputing a *want of chastity* when done wantonly or maliciously. The information here fails to state, except inferentially, what was imputed to a female in this State, or who the female was. It is carelessly drawn, and insufficient to sustain the prosecution, though we may concede the slanderous words need no innuendo or explanatory averment, which is doubtful. Willson's Crim. Stats., sec. 1960, par. 4; Parker's case, 9 Texas Cr. App., 351; Prophit's case, 12 Texas Cr. App., 233.

2. The court erred in its charge to the jury in instructing them, that if they believed the slanderous words were spoken in the hearing of Zack Worf and Hence Manning, and divers other persons, or *either of them*, to find defendant guilty.

While the pleader should mention the name of *one* person, to give the defendant notice of the time and occasion on which the slander was uttered, when he alleges the names of two or more he should prove the allegation, for the names then become descriptive allegations and impose the necessity of proof. Soria's case, 2 Texas Cr. App., 297; Willson's Crim. Stats., sec. 1960, last paragraph.

The judgment is reversed and the cause remanded. ·

*Reversed and remanded.*

Judges all present and concurring.