### Sam Lucas v. The State.

No. 88.     Decided November 3, 1909.

**Gaming—Dice—Craps—Insufficiency of the Evidence.**

See opinion for evidence held manifestly insufficient to sustain a conviction of
the offense of unlawfully playing and betting at a game played with dice called
craps. Following Looper v. State, 56 Texas Crim. Rep., 498.

Appeal from the County Court of Johnson. Tried below before the Hon. J. B. Haynes.

Appeal from a conviction of unlawfully playing with dice at a game called craps; penalty, a fine of $50.

The opinion states the case.

*Phillips & Bledsoe,* for appellant.—On the question of the insufficiency of the evidence: Long v. State, 2 S. W. Rep., 541; Hanks v. State, 54 Texas Crim. Rep., 1, 111 S. W. Rep., 402; Looper v. State, 56 Texas Crim. Rep., 498, 120 S. W. Rep., 880.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant in this case was convicted in the County Court of Johnson County of the offense of unlawfully playing and betting at a game played with dice called craps, and his punishment assessed at a fine of $50.

Many questions are raised on the appeal which we deem unnecessary to notice. Under our view of the case the evidence is so manifestly insufficient to sustain a conviction that the same must be reversed on that account. This is a case almost identical with and is a companion case of Looper v. State, 56 Texas Crim. Rep., 498, 120 S. W. Rep., 880, where we held the facts insufficient. It may suffice to say that the main witness relied upon by the State, John Steakley, constable of Precinct No. 1, on cross-examination, among other things, testified as follows: "I did not see any dice there. I did not see the defendant with any dice that night. When I was testifying about dice being shot in there, I was just testifying from the noise I heard. I did not see any dice. I did not see anybody shoot any dice, it is what I thought they were doing, that is what I thought from what I heard. I did not see the defendant with any money that night. I do not know whether the defendant had any money that night or not. I did not see the defendant make a bet or wager of any kind that night."

The disposition to be made of the case renders it unnecessary to notice the many other assignments of error relied on by appellant.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*