MONROE DEATHERAGE V. THE STATE.

No. 6707.  Decided March 1, 1922.

1.—Procuring—Evidence—Charged in Same Indictment—Impeaching Witness.

Where the State objected to the testimony of defendant's witnesses to testify upon the ground that they were under indictment for the same offense, but there was no proof of such fact or that any complaints or indictments were filed against them, the court erred in sustaining such objections. Following Thomas v. State, 66 Texas Crim. Rep., 326, and other cases.

2.—Same—Requested Charge—Accomplice—Chief State's Witness.

Upon trial of procuring, where it was not shown that the woman involved, herself originated the criminal enterprise, or procured the soliciting extended to her for illicit intercourse, she would not be an accomplice, and there was no error in the court's refusal of a requested charge thereon. However, where the chief State's witness, who testified, suggested the procuring of said female, he would be an accomplice.

3.—Same—Insufficiency of the Evidence.

The court has serious doubts as to the sufficiency of the evidence to support a conviction for procuring a female for carnal intercourse with men, as the two State's witnesses upon which the State relied pointedly contradicted each other on material matters.

Appeal from the County Court of Kent. Tried below before the Honorable B. P. Vardiman.

Appeal from a conviction of procuring; penalty, a fine of $50 and one month in jail.

The opinion states the case.

*Murchison & Davis*, for appellant.—Cited cases in opinion.

*R. G. Storey*, Assistant Attorney General, for the State.—On question of accomplice: Carter v. State, 234 S. W. Rep., 535,

LATTIMORE, Judge.—Appellant was convicted in the County Court of Kent County of the offense of procuring, and his punishment fixed at a fine of $50 and one month imprisonment in the county jail.

The facts in testimony are too disgusting to disfigure the pages of our reports.

The State introduced three witnesses, one of whom went no further than to testify that he had filed a complaint against appellant. Another of said witnesses was the son of the complainant. On cross-examination this witness admitted that he might himself have first suggested the procuring of the negro woman with whom it is shown that witness, a fourteen-year-old boy, had intercourse when she came to the barbershop. If any part of his testimony is to be believed it shows that as the result of some demonstrations and talk on the part of said boy, a negro woman was sent for and came to a rear room behind the barbershop of one Mayfield, and there in the presence of a number of men said fourteen-year-old boy indulged in sexual intercourse with said woman. The procuring charged against this appellant is the bringing of said woman to the barbershop. The boy testified that after the discussion of what he could and would do if a woman were present, that one Boling said he would go and get a negro woman and bring her to the shop. He testified that this appellant said he would get his car and take George Boling to get said woman. That appellant and Boling left together. That later they came back together to the shop and "they said" they had the negro woman in the rear of the shop. Said negro woman herself was used by the State as a witness, and testified that she was on the street and met George Boling and appellant walking along. That appellant said nothing to her but went on up the street. That Boling stopped and told her that she could make some money by going up to the barbershop, and that she went, and when she arrived at said place she details how the act of intercourse between herself and said boy took place, and gives the names of those who were present. She denies the presence of appellant, and denies that he said anything to her at any time about going to said place, or that he used any means of any kind to induce her to come to said place, or to have intercourse with said boy. A number of contradictory statements of said boy were given in testimony by various witnesses. It appears from the record that George Boling had been put upon trial for the same offense and had been acquitted. He testified as a witness for the appellant and entirely negatived the truth of the story told attempting to connect appellant with the said transaction.

The defendant offered as witnesses Ernest Mayfield and Herbert Deatherage. Their testimony is stated in a bill of exceptions, and appears to be material. The State objected to such witnesses testifying upon the ground that they were under indictment or were by information charged with the same offense as that here charged

against appellant. No proof of such fact was offered in support of this objection. It was not shown in any way that complaints or indictments were on file against said parties. The trial court erred in sustaining such objections: The mere statement of an objection, good only in the event of the existence of certain facts, would not appear to be of such character as that it should be sustained, unless such facts are also made to appear. Thomas v. State, 66 Texas Crim. Rep., 326, 146 S. W. Rep. 878; Traylor v. State, 23 S. W. Rep. 798; Day v. State, 27 Texas Crim. App. 143.

Appellant also has a bill of exceptions to the refusal of the trial court to instruct the jury that the woman Dora Jones was an accomplice. We are of opinion that unless it was shown that she herself originated the criminal enterprise and in some manner engineered or procured the solicitation extended to her to partake of the alleged intercourse, she would not be shown to be an accomplice.

In view of the fact that the case must be reversed for the refusal of the trial court to permit the evidence of Mayfield and Herbert Deatherage, we further observe that if the witness Hubert Holley should testify upon another trial that he suggested to the other men that if they would go and get this woman and bring her to this place that he would have intercourse with her, this in our judgment would make of him an accomplice, and the law applicable to that character of testimony should be given and applied to him. We have serious doubt as to the sufficiency of the evidence as same appears in the record, to sustain a conviction. Where the State relies upon two witnesses, one of whom, the boy, only testified circumstantially to any solicitation or procurement on the part of appellant; and the other of whom, the woman, testified positively that appellant did not in any form or fashion solicit or procure her, and further testifies positively that appellant was not present when the act of intercourse took place with the boy,—the evidence would hardly seem sufficient. Reliance only upon two witnesses who pointedly contradict each other upon material matters, and one of whom denies entirely the guilt of appellant would hardly justify the punishment of a citizen for a crime that involves the amount of moral turpitude attaching to an offense such as that here charged.

For the reasons above mentioned the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*