## J. M. WEST v. THE STATE.

No. 8594. Delivered January 7, 1925.

No motion for rehearing filed.

### 1.—Manufacturing Intoxicating Liquors—Charge of the Court—Accomplice Testimony.

The court properly refused to submit to the jury the issue that Dick Watson and Pruitt Merril were accomplices. While the testimony tended to show that these two witnesses were engaged in violations of the liquor law, there was no testimony from any source that they were connected with the transaction for which appellant was on trial. Unless there is some criminative evidence which connects a witness in some degree with the same offense for which accused is on trial, the issue of accomplice testimony is not raised.

### 2.—Same—Witness—Not Disqualified.

Appellant tendered as a witness one "Rabbit" Darnaby, by whom he offered to prove an important fact to his defense. On objection by the State, the court refused to permit Darnaby to testify on the ground that "said witness was also charged with having manufactured intoxicating liquor in Somerville county on or about the 15th day of November, 1922. It was not claimed that Daranaby was charged with the same offense for which appellant was on trial. His testimony was erroneously excluded.

### 3.—Same—Witness—Proof of Disqualification—Must be Shown.

The statements of the state's attorney that a witness is disqualified, and is under indictment for the same offense is not sufficient. The indictment,

and further proof that it is for the same offense for which appellant is being tried, must be introduced in evidence. The mere statement of the grounds of the objection was not proof of the fact. See Deathridge v. State, 91 Tex. Cr. R. 181, 237 S. W. 1111.

Appeal from the District Court of Johnson County. Tried below before the Honorable Irwin T. Ward, Judge.

Appeal from a conviction for the manufacturing of intoxicating liquor, penalty, two years in the penitentiary.

*Simpson, Moore & Parker, J. K. Russell* and *W. E. Myers,* Attys. for appellant.

*Tom Garrard,* States Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, Judge.—From a conviction for the manufacture of intoxicating liquor with the punishment fixed at two years in the penitentiary this appeal is brought.

Appellant objected to the charge because it omitted to instruct the jury that Dick Watson and Pruitt Merrill were accomplice witnesses as a matter of law, and insists that the court should either have so charged or should have submitted that issue under proper instructions to be determined by the jury. Watson admitted that he was transporting and selling intoxicating liquor; that he had gone to Somerville County for the purpose of securing some whiskey, and that he did take back with him to Vernon nine gallons. This whiskey was not obtained from appellant nor was it the product of the still which the latter is claimed to have been operating, but Watson avers that he secured it from Man Lowe. Watson and Merrill claim in their testimony to have gone by the home of appellant about November 15th, 1922, and then to have gone with him and other parties to a place where a still was being operated by appellant; that they remained there from about nine o'clock in the morning until about five o'clock in the afternoon. Both of these witnesses admit taking several drinks of whiskey made by appellant upon the occasion testified about, but they both deny specifically that they had anything whatever to do with the operation of the still. We have examined their testimony critically because of the insistence of appellant that the evidence raises the issue of accomplice witnesses as applied to them and we fail to discover anything which would so classify them as a matter of law or which raises an issue requiring the court to submit such question to the jury for their determination. Appellant denies in toto the transaction testified to by the witnesses in question. There is no doubt from the admission of Watson that he at the time was engaged in unlawful transactions relative to intoxicating liquor, including the transportation and sale there-

of, and there appears to be no question but that Merrill knew of Watson's connection with whiskey transactions and came with him from Vernon and returned to that place with Watson who took the whiskey back, but the record fails to disclose any connection whatever between the wiskey so taken to Vernon and the operation of the still by appellant. Hence we conclude that in declining to charge upon the issue of accomplice witnesses the court was not in error.

We find it necessary to reverse the judgment because of the error complained of in bill of exception number four. By said bill it is shown that both Watson and Merrill testified that at the time they claimed to have seen appellant operating the still about the 15th of November, 1922 one "Rabbit" Darnaby went with appellant, the two witnesses and others, to the point where the still was located, and that said Darnaby was present at the time appellant was operating it. It is further shown by said bill that after the state rested its case appellant offered as a witness said Darnaby. When this witness was tendered the state, through Frank Tirey, special prosecutor, objected to Darnaby testifying for the reason that "said witness was also charged with having manufactured intoxicating liquor in Somerville County on or about the 15th day of November, 1922." The court sustained the objection and declined to permit Darnaby to testify. The ground of appellant's exception to the ruling of the court is that it was not shown by any fact that Darnaby was charged with the same offense with which the defendant was charged. It will be seen from the quotation of the objection urged by counsel representing the state that he did not even claim in the objection made that Darnaby was indicted for the same offense charged against appellant, but only urged as a reason for the disqualification of Darnaby that he was charged with having manufactured intoxicating liquor on or about the 15th day of November, 1922 in Somerville County. Even if this had been true (but the charge against Darnaby was not for the same offense charged against appellant) it presented no valid reason for disqualifying Darnaby from testifying for appellant in this particular case. But even had the objection been that Darnaby was under indictment for the same offense of manufacturing intoxicating liquor with which appellant was charged, still the mere stating of such objection would not have met the prior holdings of this court relative to the matter. *The statement of the grounds of such objection would not have been proof of the fact.* It is made to appear from the bill under consideration that the court sustained the objection without hearing or requiring any proof of the fact involved in such objection. In Taylor v. State, —— Texas Crim. App., ——, 23 S. W. 798, in discussing the exact proposition the court said:

"The mere statement of a district attorney, however satisfactory, cannot dispense with the necessity of proof."

The exact point now under consideration was considered in Day v. State, 27 Tex. Crim. Rep., 143, 11 S. W. 36; Thomas v. State, 66 Tex.

Crim. Rep., 326, 146 S. W. 878; and in the recent case of Deatherage v. State, 91 Texas Crim. Rep., 181, 237 S. W. 1111. In the latter case the state objected to certain witnesses testifying on the ground that they were under indictment for the same offense as that charged against Deatherage. This court speaking through Judge Lattimore said:

"No proof of such fact was offered in support of this objection. It was not shown in any way that complaints or indictments were on file against said parties. The trial court erred in sustaining such objections. The mere statement of an objection, good only in the event of the existence of certain facts, would not appear to be of such character as that it should be sustained, unless such facts are also made to appear."

If Darnaby had been permitted he would have testified that he did not accompany Watson and Merrill or either of them to a still operated by appellant at the time claimed by said two witnesses, that he was not present when said Watson and Merrill or either of them claimed to have been present where liquor was being manufactured in Somerville County, and that he did not see appellant or anyone else manufacturing such liquor. The proposed testimony of Darnaby was material and in direct contradiction of the evidence of Watson and Merrill. The action of the court upon the objection interposed by counsel for the state in the absence of any proof establishing the facts involved in the objection was erroneous and calls for a reversal of the judgment.

Other questions are presented by various bills of exception but we do not take the time to give them consideration now as the matters may not arise again in the same form upon another trial.

For the reason stated the judgment must be reversed and the cause remanded.