## W. S. Burns v. The State.

### No. 11333.  Delivered January 25, 1928.

**1.—Pandering—Evidence—Erroneously Excluded.**

Where, on a trial for pandering, a witness tendered by the appellant on material issues was not permitted to testify in his behalf on objection of the state on the ground that said witness was under indictment charged with the same offense for which appellant was on trial. Nothing in the record establishes that said witness was under indictment for the same offense and he was erroneously denied permission to testify.

**2.—Same—Continued.**

It is the uniform announcement of the decisions of this court that the statement of the grounds of an objection, of the motion under consideration, would not be proof of the fact that the witness was under indictment for the same offense. The facts supporting such ground of objection must be made to appear. For the error in excluding the testimony of this witness the judgment must be reversed and the cause remanded. See Day v. State, 27 Tex. Crim. App. 143, and other cases cited.

Appeal from the District Court of Denton County. Tried below before the Hon. Alvin C. Owsley, Judge.

Appeal from a conviction for pandering, penalty seven years in the penitentiary.

The opinion states the case.

*Boyd & Boyd* and *Joe S. Gambill* of Denton, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is pandering, the punishment confinement in the penitentiary for seven years.

The error complained of in bill of exception No. 7 requires a reversal of the case. Appellant offered S. V. Burns as a witness. It is shown by the bill of exception that said witness would have contradicted the testimony of prosecutrix as to the acts of sexual intercourse upon which the prosecution was based. Without detailing the testimony of this witness, suffice it to say that his testimony was material. · The County Attorney objected to the witness testifying, stating as a ground of objection that he was under indictment for the same offense for which appellant was on trial. The court sustained the objection without hearing or requiring any proof of the fact involved in such objection. It is observed that, aside from the ground of objection stated in the bill, the record fails to reflect that the witness was under indictment for the same offense for which appellant was on trial.·

The question presented here has been considered by this court in a number of cases. It is the uniform announcement of the decisions that the statement of the grounds of an objection of the nature under consideration would not be proof of the fact that the witness was under indictment for the same offense for which appellant was on trial. The facts supporting such ground of objection must be made to appear. If the witness was under such indictment, the question presented here would have been obviated by a proper qualification of the bill of exception showing such to be the fact. See Day v. State, 27 Tex. Crim. App. 143, 11 S. W. 36; Traylor v. State, 23 S. W. 798; Thomas v. State, 66 Tex. Crim Rep. 326, 146 S. W. 878; West v. State, 98 Tex. Crim. Rep. 653, 267 S. W. 731.

Other questions are presented, but are not now considered for the reason that they may not arise on another trial of the case.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.