W. W. NEELEY v. THE STATE.

No. 12451. Delivered November 27, 1929.

The opinion states the case.

*E. A. Watson* of Crosbyton and *Bledsoe, Crenshaw & Dupree* of Lubbock, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor; the punishment confinement in the penitentiary for four years.

It appears from the record that appellant entered into recognizance on appeal. The recognizance is not sufficient to confer jurisdiction on this court. The form of recognizance on appeal is set out in Article 817, C. C. P. This article requires that the appellant bind himself to abide the judgment of the Court of Criminal Appeals of the State of Texas. The recognizance disclosed by the record does not bind appellant to abide the judgment of the Court of Criminal Appeals. Thompson v. State, 243 S. W. 848.

*Appeal dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—A supplemental transcript showing a sufficient recognizance having been brought forward, the judgment of dismissal is set aside, the appeal is reinstated and the case considered on its merits.

Officers followed appellant and his companions to a point where their car stopped. One Miller, who was riding with appellant, got out of the car, went to a bar pit near the road and began to kick around in the weeds. The officers approached the car, ordering appellant to put up his hands. Upon searching the car, the officers found therein some fruit jars containing whiskey. Appellant testified upon his trial that he had not transported the whiskey. He said that he bought the whiskey for use by himself and wife as medicine. Further he stated that the whiskey had been delivered to him by the seller at the point where the officers searched the car, and that the car had not moved after the whiskey had been placed in it. This theory was also given support by the testimony of appellant's wife and that of other witnesses.

The court submitted the defense of transportation for medicinal purposes. As shown by bill of exception No. 8, the court refused to

permit appellant to testify that the doctors who had attended upon his wife previous to the search made by the officers had advised him (appellant) that his wife should take whiskey as a·medicine. Upon objection by the district attorney the testimony was rejected as hearsay. The learned trial judge fell into error. Appellant was entitled to explain his conduct. It has been held that the accused may properly testify that he has been advised by physicians to use whiskey as a medicine. Mayo v. State, 245 S. W. 241. In Underhill's Criminal Evidence (3d Ed.), section 113, we find the following statement:

"The defendant must be permitted on his direct examination to explain his conduct and declarations as he has testified to them, or as they have been described by other witnesses. He must be permitted fully to unfold and explain his actions and to state the motives which he claims prompted them. It is, within certain limits, relevant for him to state what intention was present in his mind when he participated in a transaction which is in issue."

In Haley v. State, 2 S. W. (2d) 259, it was said:

"It seems too plain for argument that an accused ought to be given the opportunity to explain that an act shown to be criminal by the state was not in fact such."

Appellant offered to prove by Miller—he being with appellant at the time the search was made—that a man placed the whiskey in the car, and that after said whiskey was placed therein the car did not move. The district attorney objected as follows: "The state objects to any testimony offered by this witness for the reason that he is a defendant in a case here styled the State of Texas v. Johnnie Miller, and W. W. Neeley was indicted as principal along with the defendant that is now on trial; that he has filed a motion for severance and that motion was granted but he has not been tried and acquitted and until he is tried and acquitted he cannot be offered as a witness in this case and for that reason the state objects to any testimony of this witness, as provided under Article 711, Revised Code of Criminal Procedure, 1925." The trial court certifies in the bill that the objection was sustained without hearing any testimony in support of said objection. It is the announcement of the decisions that the statement of the grounds of objection of the nature under consideration here do not constitute proof of the fact that the witness was under indictment for the same offense for which the accused was on trial. The facts supporting such ground of objection must be made to appear. Day v. State, 11 S. W. 36; Traylor v. State, 23 S. W. 798; Thomas v. State, 146 S. W. 878;

West v. State, 267 S. W. 731; Burns v. State, 2 S. W. (2d) 251; Deatherage v. State, 237 S. W. 1111. In Deatherage v. State, supra, this court, speaking through Judge Lattimore, said:

"No proof of such fact was offered in support of this objection. It was not shown in any way that complaints or indictments were on file against said parties. The trial court erred in sustaining such objections. The mere statement of an objection, good only in the event of the existence of certain facts, would not appear to be of such character as that it should be sustained unless such facts are also made to appear."

If the witness was under indictment as urged in the objection, the question presented here would have been obviated by a proper qualification of the bill of exception showing such to be the fact. As presented by the bill of exception, the action of the court in sustaining the objection, constitutes reversible error.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.