### B. C. ARMSTRONG V. THE STATE.

No. 15745.   Delivered April 12, 1933.
Reported in 59 S. W. (2d) 140.

The opinion states the case.

*L. D. Johnston,* of Waxahachie, for appellant.

*Archie D. Gray,* Criminal District Attorney, and *F. L. Wilson,* Assistant Criminal District Attorney, both of Waxahachie, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for swindling, punishment being assessed at a fine of $25.00, and ten days in jail.

The prosecution is based upon a transaction had by appellant with George Watson, manager of a store in Waxahachie,

Texas, on May 10, 1932, at which time appellant purchased groceries worth $20.24, for which he paid with a check for that amount drawn on the City National Bank of Cleburne, Texas. The check was returned to Watson unpaid some three or four days after it was given. Several days later Watson claims to have talked to appellant about the check being turned down, and testified that appellant told him he was then getting the money together to take up the check, but said he did not do so, and that he filed prosecution in the matter on June 7th. Watson further testified that appellant never proffered the money to take up the check before the prosecution was instituted.

A bookkeeper in the Cleburne bank testified that appellant had made deposits as follows: On April 20th, $225.00, on April 25th, $150.00, and on April 30th, $20.00; that this amount was checked out by appellant, and that on May 1st appellant's balance was $1.75, and that this was never increased by any additional deposits.

Appellant testified that at the time he gave the check he thought he had sufficient funds in the bank to cover it; that Mr. Watson told him a few days after the check was given that it had been returned unpaid. Appellant offered to testify that he had tendered Watson the money to take up said check, and that at the time he tendered the money he did not know of any action by the district attorney's office on the check; that he was in Waxahachie with the money to cover the check and to pay the amount he owed Watson. Upon objection by the state, this testimony was excluded. The matter is presented by bill of exception number two. It is qualified by the trial court with the statement that appellant had "failed and refused to give the date on which he claimed the money was offered to the witness (meaning Watson) and that the prosecuting attorney objected on the ground that it was after appellant had been arrested." It is certified as a fact in the bill that the tender of said money to Watson was made prior to the time appellant learned that the check had been turned over to the district attorney; it is further certified as a fact that at the time of so tendering the money appellant had no notice that any action had been taken on the check by the district attorney's office. This court is bound by the recitals in the bill. The objection to the testimony on the ground that the offer to pay was after appellant had been arrested can not impeach the facts as certified. The reasons urged by the prosecuting attorney was only a ground of objection. It did not amount to the establishment of the fact that the ground therefor actually existed. Deather-

age v. State, 91 Texas Crim. Rep., 181, 237 S. W., 1111; West v. State, 98 Texas Crim. Rep., 653, 267 S. W., 731; Neeley v. State, 22 S. W. (2d) 138. Watson had testified that no offer to pay was made before prosecution was commenced. Appellant's offered evidence would have made an issue on the point. The court charged the jury, if they believed from the evidence beyond a reasonable doubt that the check had not been paid within fifteen days after it was returned, that this would be prima facie evidence that no good reason existed for appellant to believe it would be paid, and would also be prima facie evidence of appellant's intention to defraud at the time he executed the check. This instruction was given under the provisions of subdivision 4, article 1546, P. C. The excluded evidence would have tended to overcome the prima facie presumptions mentioned. As presented in the bill, the exclusion of the evidence must be held erroneous.

According to bill of exception No. 1, appellant offered to prove by E. A. Bedichek that appellant tendered Watson the money to take said check up before appellant had been informed that the check had been turned over to the district attorney's office. According to the bill, objection was interposed by the state on the ground that this was after the check had been turned down by the bank on account of insufficient funds and had been returned to Watson. The trial judge undertakes to qualify this bill, but the qualification was excepted to, and therefore can not be considered. Dowd v. State, 104 Texas Crim. Rep., 480, 284 S. W., 592; Dailey v. State, 106 Texas Crim. Rep., 99, 291 S. W., 242; Barton v. State, 107 Texas Crim. Rep., 75, 294 S. W., 1112; McCarty v. State, 107 Texas Crim. Rep., 589, 298 S. W., 575. As it appears in the bill this evidence seems to have been admissible for the same reason given in discussing bill of exception No. 2.

For the errors discussed the judgment must be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*