Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

Theft of a turkey is the offense; penalty assessed at a fine of $100.

This is the second appeal of this case. The reversal of the former appeal will be found in 58 S.W.(2d) 509.

The evidence is circumstantial. In the main, it is not materially different from that on the former case, omitting the evidence of extraneous offenses which was admitted against the appellant on the former trial.

From bill of exception No. 1 it is made to appear that T. D. Brown testified to the loss of turkeys and attempted to identify the turkey in the possession of appellant by certain marks and by the manner in which one of the toes of his turkeys had been cut off. It is claimed that appellant took a quantity of turkeys to Fort Worth and sold them, and that among them was one of the turkeys belonging to Brown. Upon that issue, according to the bill, the witness Fletcher, a deputy sheriff, testified that he went to the private residence of the appellant, without a search warrant, and, without the consent or invitation of the appellant, and without any legal process authorizing his action, entered the pen in which appellant had a number of turkeys (which pen was near the mansion house and within the curtilage), and from his examination there made Fletcher gave testimony adverse to the appellant over his objection, which testimony was opposed by appropriate and timely objection upon the ground that the evidence was illegally obtained, and, for that reason was improperly received. The bill was qualified by the court, but exception was reserved to the qualification. The bill stands here as unqualified. See Armstrong v. State (Tex. Cr. App.) 59 S.W. (2d) 140, and cases there cited. The bill reveals error prejudicial to the appellant, in that it was violative of the law embraced in article 727a, C. C. P., as amended by Acts 1929 (2d. Called Sess.) c. 45 (Vernon's Ann. C. C. P., art. 727a), forbidding the reception of evidence illegally obtained. See Griffin v. State (Tex. Cr. App.) 58 S.W.(2d) 528; Ramirez v. State (Tex. Cr. App.) 58 S.W.(2d) 829, and many other cases collated in Vernon's Ann. C. C. P., vol. 2, 1933 Cumulated Annual Pocket Part, pp. 127–130.

The testimony of the officer, as shown by the previous appeal as well as the present, was damaging to the appellant. Its reception, as above stated, was error which must result in a reversal of the conviction. We will add that the evidence, tested by the law of circumstantial evidence, is not of such conclusive character as the law demands to support the conviction.

The judgment is reversed, and the cause remanded.

## THOMAS v. STATE.

### No. 16619.

Court of Criminal Appeals of Texas.
Feb. 14, 1934.

Rehearing Denied March 14, 1934.

A. C. Chrisman, of Cleburne, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The appellant was tried and convicted of the offense of possessing equipment for the manufacture of intoxicating liquor, and his punishment assessed at confinement in the state penitentiary for a term of five years.

The record is before us without a statement of facts or bills of exception. No defect either in the indictment or procedure has been pointed out or has been perceived. No question is presented for review.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.