MACK CARLTON v. THE STATE.

No. 16431. Delivered March 21, 1934.
Reported in 70 S. W. (2d) 189.

The opinion states the case.

602

*Perkins & Perkins,* of Rusk, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for unlawfully transporting intoxicating liquor; penalty assessed at confinement in the penitentiary for two years.

The testimony adduced upon the trial is in substance as follows: Fred Moore, a deputy sheriff, testified that on the 12th day of April, 1933, he went from his home in Jacksonville, Texas, to the town of Alto. He further testified as follows: "Prior to that time I had received information as to the whereabouts of the defendant, Mack Carlton; a party told me that he was going south a short time before, and told me if I would follow him that I would probably catch him with a load of liquor. * * * This party did not tell me in Jacksonville that this defendant had gone after whisky or had gone to any particular place, but told me that he had gone south out of Jacksonville, and that if I followed him I might find that he had whisky or would get whisky. * * * He did not tell me that he knew that, but that he thought that. And I followed him in order to find out whether he had whisky or whether he was going to get whisky. I stopped him to see if he was going to get whisky. When I came to where I saw him, I walked up to the car because I thought that he might have whisky in it when I saw it. And when I came up there I saw this stuff in the car; that I did not know whether it was whisky or not, but that I thought it strong enough that I would not let him leave and told him to drive on ahead of me; and went on into Alto and turned him over to Mr. Belvin without any further investigation myself to determine what he had in there and bring him to Rusk. I never did know what was in the car and did not have any information that there would be anything in the car; but that there might be something in the car."

Bud Belvin, another deputy sheriff, testified that on the 12th day of April, 1933, the witness Fred Moore brought the appellant and his car to Alto and delivered the appellant and his car to Belvin; that the witness placed appellant in jail; that while he did so the sheriff searched the car and found therein twenty-three gallons of whisky.

By Bills of Exception Nos. 1 and 2 the appellant complains of the action of the trial court in permitting the introduction of the testimony of the deputy sheriffs, Moore and Belvin, because they had no search warrant and because they searched the appellant car without probable cause. The objection to the

proof of the search should have been sustained. See article 727a, C. C. P., 1925; also Ramirez v. State, 58 S. W. (2d) 829. The judgment is reversed and the cause remanded.

*Reversed and remanded.*