ENOCH SALTER V. STATE.

No. 26,532. November 4, 1953.
Appellant's Motion to Reinstate Appeal Denied
December 9, 1953.
Appellant's Motion to Reinstate Appeal
Granted January 13, 1954.
Appellant's Motion for Rehearing Denied
(Without Written Opinion) March 3, 1954.

*Jack B. Strong,* Carthage, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

This appeal is from a conviction for failure to stop and render aid (Art. 1150 P.C.) with punishment assessed at two years in the penitentiary.

The appeal bond found in the record is not in compliance with the provisions of Arts. 817 and 818 C.C.P. It binds appellant to "make his personal appearance before the Court of Criminal Appeals"; "to prosecute his said appeal with effect" and to "pay such fines and costs as shall be adjudged against him by said Court." It does not bind him to appear in the trial court or to abide the judgment of the Texas Court of Criminal Appeals herein.

For this court to acquire jurisdiction of an appeal from a felony conviction, the bond or recognizance upon which the appellant was enlarged must bind him to abide the judgment of the Texas Court of Criminal Appeals in the case appealed. Neeley v. State, 113 Tex. Cr. Rep. 401, 22 S.W. 2d 138; Crausby v. State, 115 Tex. Cr. Rep. 44, 26 S.W. 2d 246; Penn v. State, 31 S. W. 2d 434.

The appeal is dismissed.

### ON MOTION TO REINSTATE THE APPEAL.

WOODLEY, Judge.

A supplemental transcript has been filed showing that ap-

pellant has now filed an appeal bond, and he moves to re-instate the appeal.

The appeal bond is approved by the trial judge and by "Johnnie Spradley."

If the Johnnie Spradley whose name appears on the bond is in fact the sheriff of Panola County, it is not so shown in the record, nor does it appear that he acted in an official capacity in approving the appeal bond.

Under the provisions of Art. 818 C.C.P., the approval of both the trial judge and the sheriff is required in order that jurisdiction be conferred on this court by an appeal bond.

The motion to re-instate the appeal is overruled.

ON APPELLANT'S MOTION TO REINSTATE.

WOODLEY, Judge.

Appellant has entered into a sufficient appeal bond, properly approved, and the appeal is reinstated.

The evidence shows without dispute that appellant drove his automobile on his left side of the highway and struck and seriously injured a 15 year old boy who was traveling in the opposite direction on the highway, riding a motorcycle; that he did not stop but left the scene of the collision, increasing his speed. The injured boy was carried to a hospital, his injuries requiring medical and surgical treatment.

Though he suffered a broken leg, a fractured skull, concussion and internal injuries, the boy recovered and testified at the trial. However, he had no memory of the collision.

Appellant testified that he came to town on the day in question and was drinking; that he drank most every day; that he was "afflicted with delirium tremens" that day; that he took "two BC powders"; that he remembered nothing after the day in question for some 28 days. He denied any knowledge of the collision.

There are five bills of exception.

Appellant complains of the exclusion of the testimony of the

witness Bert Simpson. Appellant sought to prove by this witness that shortly after the collision appellant was assaulted violently by the father of the injured boy and sustained serious injuries therefrom. Also that Simpson smelled no liquor on appellant's breath, though he could have had he been drinking.

Bill of Exception No. 1 complains that the trial judge refused to retire the jury and hear the testimony of Simpson and of the ambulance driver who took appellant to the hospital (the latter offered for the purpose of fixing the time of the assault with reference to the collision). This bill was qualified to show that the court stated to appellant's counsel that he could present his testimony later for his bill, and that he was given the opportunity to do so.

We find no harm to appellant in the failure of the court to retire the jury at the time, the testimony being later heard for the purpose of the bills of exception.

Bills of Exception 2 and 3 complain of the sustaining of the state's objection to the testimony of Simpson and the ambulance driver. Each bill was qualified, the court stating that there was no testimony that appellant returned, tried to return, or intended to return to tht scene of the collision to render aid, and the excluded testimony was not material and did not relate to the offense charged.

As qualified these bills fail to show reversible error.

Bill of Exception No. 4 relates to argument of the district attorney wherein he allegedly said: "That even though the defendant might not have known that he had run over Edmund Reed, or anyone, that this lack of knowledge was not a defense if the reason for such lack of knowledge was drunkenness or intoxication; that upon objection to this line of argument, counsel for the defendant objected, upon which objection, said district attorney addressed counsel for defendant as follows 'I know it hurts Jack, but that's what the jury is going to follow; and that's the law.' . . ."

It is pointed out that the court declined to charge that intoxication was not a defense, as requested by the district attorney.

The court declined to certify that such argument was made,

certifying in his qualification that he did not recall the exact language of the district attorney to which objection was directed, but that the jury was instructed to disregard any statement made by the district attorney that was outside the record and to be governed solely by the evidence admitted and the law as contained in the court's charge.

Bill of Exception No. 5 complains that the trial court refused to give the following charge requested by appellant

"If you find that at the time of the collision that the defendant was incapable of distinguishing the difference between right and wrong, then you will return a verdict of not guilty."

The qualification to this bill certifies that there was no competent testimony raising the issue of insanity at the time of the collision, and the court refers us to the statement of facts as to the exact testimony, declining to certify to the correctness of the facts contained in the bill.

It is true that appellant testified that he "was afflicted with delirium tremens" on the day of the accident, but it is also true that neither his testimony nor that of other witnesses raises the issue as to insanity separate and apart from that produced by the recent and voluntary use of intoxicating liquor.

We cannot agree that the testimony to the effect that appellant was an habitual drunkard, and was drinking at the time of the collision, and his testimony that he was suffering from delirium tremens was sufficient to require the court to charge the jury, in accordance with appellant's request, to acquit the defendant if he was incapable of distinguishing between right and wrong. If due to his intoxication rather than to insanity, such lack of knowledge would constitute no defense.

The trial court's certification that there was no competent testimony raising the issue of insanity is supported by the record.

The evidence sustains the conviction and we find no reversible error.

The judgment is affirmed.