**Billy Joe HELMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 39453.

Court of Criminal Appeals of Texas.

March 23, 1966.

Motion to Reinstate Appeal Denied
May 25, 1966.

Charles E. Benson, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty., William M. LauBach, Asst. Dist. Atty., Lubbock, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is the violation of Art. 489c Vernon's Ann.P.C., which makes it unlaw- ful for any person who has been convicted of burglary or robbery, or of a felony involving an act of violence with a firearm and has served a term in the penitentiary for such conviction, to have in his possession any pistol, revolver or any other firearm capable of being concealed upon the person.

Tried upon a plea of not guilty, appellant was found guilty and his punishment was assessed at 3 years in the penitentiary.

Notice of appeal was given to this Court and entered of record as a part of the sentence pronounced on November 2, 1965.

Though unable to give bond and without means of employing counsel, according to his affidavit of February 10, 1965, and in jail wholly destitute and unable to pay for a statement of facts, according to his affidavit of December 18, 1965, the transcript reveals that appellant and his sureties entered into an appeal bond in the sum of $2000 which was taken and approved by a deputy sheriff on January 11, 1966.

The bail bond upon which appellant was released from jail was not approved by the trial judge as required by Art. 818 C.C.P. as well as by the present statute, Art. 44.04 C.C.P. 1965.

Further, the term of court at which notice of appeal was given had not expired when the bail bond was taken and approved, hence there was no compliance with the statute in effect at the time sentence was pronounced and notice of appeal was given. (Art. 816 C.C.P.)

Also, the appeal bond is not in the form required by Art. 817 C.C.P.

We need not pass upon the effect of the elimination of recognizances in the 1965 Code because the appeal bond was not a compliance with either the 1965 or the 1925 Code of Criminal Procedure.

Appellant having been released from jail without a sufficient recognizance or an appeal bond approved by the trial judge, we

are without jurisdiction to enter any order other than to dismiss the appeal. Salter v. State, 159 Tex.Cr.R. 482, 264 S.W.2d 719; Gordon v. State, Tex.Cr.App., 268 S.W.2d 676.

The appeal is dismissed.

MORRISON, Judge (concurring).

I concur with the majority opinion, but wish the record to reflect that appellant was represented at his trial and in this Court on appeal and that a Statement of Facts has been forwarded to this Court.

I concur in the dismissal of this appeal.